## THE PEOPLE *v.* BRENES.

### APPEAL from the District Court of Guayama.

No. 25.—Decided December 18, 1905.

APPEAL—STENOGRAPHER'S NOTES.—The notes taken by the stenographer during the progress of the trial of a case cannot be made to form part of the record on appeal, even though the same may be certified and signed by the judge of the district court.

ID.—JUDGMENT—PUNISHMENT IMPOSED.—After the jury has rendered a verdict of guilty the judge has the power to impose upon the accused any term of imprisonment within the limits specified by the law.

ID.—BILL OF EXCEPTIONS.—In a case where the accused considers the punishment imposed by the court to be too severe, he should file a motion in the trial court praying that the punishment be reduced, and if his motion be denied he should take an exception to the ruling and include the same in a bill of exceptions, setting out therein that portion of the evidence which he deems necessary to support his contention, and thus submit the point to the consideration and decision of the appellate court.

ID.—The fact that a judge certified and signed the notes taken by the stenographer cannot convert the same into a bill of exceptions or a statement of facts, nor can they be used as a substitute for either of the said documents.

ID.—The provisions of section 300 of the Code of Criminal Procedure do not refer to the testimony of witnesses or documentary evidence introduced at the trial, but only to the instructions of the court to the jury.

ID.—MINUTES OF THE COURT.—The phrase ''minutes of the court'' has never been deemed to signify the testimony of witnesses, and although the stenographer's notes may constitute the minutes of the court, nevertheless such notes, which should contain a faithful statement of the proceedings had during the trial, may be used only for purposes of reference in order that the judge, the attorneys, or the interested parties may determine what were the rulings of the court made during the trial.

ID.—STATEMENT OF FACTS.—A statement of facts should contain a brief exposition of all the facts proved on the trial either by the testimony of witnesses or by documentary evidence, and should be prepared and agreed to by both parties, if they can agree, and in any case must be approved by the judge, who should certify as to the correctness thereof and officially sign the same.

ID.—The method which should be pursued in preparing and obtaining the approval and the certificate of a judge to a statement of facts in the district court, is indicated in rule 17 of the Rules of the District Courts.

ID.—SEVERE PUNISHMENT—EXTENUATING CIRCUMSTANCES.—Where the evidence introduced at the trial is not submitted to the consideration of the Supreme Court by means of a statement of facts, that court cannot determine whether the evidence is insufficient to warrant the severity of the punishment imposed upon the accused, or whether the existence of extenuating circumstances, which should be taken into consideration in imposing punishment, has been shown.

ID.—Where extenuating circumstances exist which should be taken into consideration in pronouncing sentence, the accused should submit the same to the consideration of the trial court in the manner prescribed by sections 320 and 321 of the Code of Criminal Procedure.

ID.—PUNISHMENT IMPOSED UPON ACCUSED.—Where the contrary does not appear from the record, it will be presumed that the judge of the trial court has wisely and correctly exercised the discretionary powers conferred upon him by law, in fixing the term of imprisonment which the accused should be condemned to serve.

The facts are stated in the opinion.

Mr. *Manuel F. Rossy* for the appellant.

Mr. *Rossy, fiscal,* for The People.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case was tried in the District Court of Guayama and convicted of manslaughter for having killed Julio Suarez, on the 1st day of March, 1905. The trial took place on the last day of the same and the first day of the next month, before the court and a jury, and resulted in a verdict of guilty of manslaughter and a sentence by the court to six years' imprisonment at hard labor in the penitentiary and payment of all costs. From that judgment the defendant took an appeal to this court, and the transcript of the record was filed here on the 22d day of May, 1905. There was no objection made nor exception taken to any ruling of the court during the progress of the trial, as far as appears from the record. The transcript as presented here contains neither a bill of exceptions nor a statement of facts. However, it does contain a transcript of the stenographer's notes, covering 44 pages, and setting out the questions propounded to each witness, and the answers made thereto, all duly certified to by the stenographer, Hortencia Muñiz, in her official capacity.

After the record had been presented here, and the *fiscal* had filed his brief on the second day of the present month, it seems that a copy of the stenographer's notes certified to by the district judge, was handed to the secretary, and by him inadvertently attached to the record. No order of the court appears authorizing such action on the part of the secretary; and, of course, this document forms no part of the record

here. (*People of Porto Rico* v. *Juan Vazquez,* decided by this court, on the 15th of December, 1905.) No brief was filed by appellant's counsel in this case; but he was represented in the hearing had before this court on the 4th day of this month by an able counsel, who made an oral argument in his behalf.

The principal if not the only point made by counsel for the accused, is, that the punishment imposed by the court is too severe; it being contended, although the statute authorizes the imprisonment for a term not exceeding ten years in the penitentiary of a person convicted of manslaughter, that this defendant, owing to mitigating circumstances should not have been punished so severely. If mitigating circumstances existed, they were not mentioned or referred to in any way by the verdict of the jury; although they were rehearsed by counsel in the discussion here. He also cited the old Spanish law, which divides punishments into minimum, medium and maximum; the practice being, under that system, that when there were neither extenuating nor aggravating circumstances, to impose the medium punishment; and in the case of aggravating circumstances, to impose the maximum, and in the case of extenuating circumstances, the minimum. Such is not the practice under the American law.

When the jury has found a verdict of guilty and defined the degree of the crime, under the American practice the law fixes the limits within which the punishment may be imposed, and it is left to the discretion of the trial judge to fix the exact amount of the punishment. Section 28 of the Penal Code of Porto Rico reads as follows:

"Whenever in this Code the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case must be determined by the court authorized to pass sentence, within such limits as may be prescribed by this Code."

This section is identical with section 13 of the Penal Code of California.

The judgment must follow the law as therein expressed.

(See *People* v. *Riley,* 38 Cal., 549.) The trial judge is well qualified to determine the amount of the punishment, because he has presided all through the trial, and knows all the facts and circumstances of the case, and is capable of determining whether they are sufficient to warrant a severe or a light sentence. To him is confided the responsibility of acting and deciding in this particular. (*People of Porto Rico* v. *Bocanegra,* decided by this court on the 15th of December, 1905.)

It is true that this court has authority, under the statute laws of Porto Rico, to modify a sentence imposed by the district court in a criminal case; but this discretion must be exercised here, as in other courts, in a proper and considerate manner, based upon facts and circumstances properly brought to the attention of this court. The facts of this case are not properly before this court. The transcript of the stenographer's notes first filed herein is clearly inadmissible, and cannot serve as a substitute for a statement of facts. This has been repeatedly decided of late by this court in various cases; among others the case of *The People of Porto Rico* v. *Juan de Mata Eligier and Juan del Carmen Grolo,* in which an opinion was rendered on the 20th of November of the present year, and the case of *People of Porto Rico* v. *Eusebio Torres Candelaria,* decided on the 28th day of the same month.

An attempt has been made to avoid the effect of the decision above referred to, by procuring and delivering to the secretary of this court a copy of the stenographer's notes which has been certified, by the district judge, to correspond to the testimony of the witnesses given on the trial of this cause, and to be correct. This could not have made it a part of the record in this case, even had a proper motion been made for leave to file it herein, which action was not taken by counsel for the defendant. The court would scarcely have granted such a motion had it been properly presented.

If counsel desired to have the sentence reduced, he should have made a motion in the district court for a reduction of the sentence, and if the same was overruled in that court, he

could have taken an exception to the ruling and embodied the same in his bill of exceptions reciting so much of the evidence therein as he deemed necessary to sustain his contention, and thus present the question of an excessive sentence to this court in such a manner as would enable us to decide thereon. (Code of Criminal Procedure, sections 320 and 321.)

The stenographer's notes are not transformed into a statement of facts or a bill of exceptions merely by the certificate of the trial judge. As we have formerly said and repeated, the stenographer's notes, or a transcript of them, cannot be considered as a bill of exceptions nor as a statement of facts, nor can they be used as a substitute for either the one or the other. The Code of Criminal Procedure makes no mention of a stenographer or stenographer's notes, although in section 300 thereof a reference is made to charges or instructions which may have been taken down by a "reporter," meaning doubtless a shorthand reporter, and providing that such charges need not be excepted to or embodied in the bill of exceptions; but with proper endorsements thereon by the court, showing its action in regard thereto, they can form a part of the record, which may be presented to this court on the appeal for its decision, in the same manner as if they had been duly embodied in a bill of exceptions, signed and certified to by the trial court. This section of the Code of Criminal Procedure does not refer in any manner to the facts proven on the trial, either by documentary evidence or by the testimony of witnesses, but only to the charges or the instructions given to the jury by the court either of its own motion or at the request of counsel. The distinction drawn, in the Statute of Texas, and some other States, between "charges," which are given of its own motion by the court to the jury, and "instructions," which are given on the request of counsel, does not occur in this section of our statute. The word "charges" is used in its genuine sense and includes instructions properly so called.

A court stenographer or reporter is an officer new to the

Criminal Procedure in Porto Rico. That office was created by the act of the 10th of March, 1904, which took effect on the first day of July thereafter, and is entitled "An act to provide for the appointment, duties and compensation of stenographer of the district court." (See Laws of 1904, p. 120-122.) The stenographer, who is by this act made an officer of the court, is required to take down the testimony of the witnesses, and to file the stenographic records made by him with the secretary of the district court where the action was tried. (See Sec. 3 and 4 of the act above cited.) Section 5 of that act provides that:

/ "* * * Such copy of the record shall constitute *prima facie* the minutes of the court and may be used on all motions for new trials, review or appeal, when minutes of the court may be used."

The words "minutes of the court" never, at any time, have been considered as including the testimony of witnesses. The term "minutes" is amply defined in Bouvier's Law Dictionary, second volume, page 418, and also in 15 American and English Encyclopedia of Law, page 618, first edition, to which reference is made for full information as to the signification of this term. The stenographic report in any case may constitute minutes of the court, but that does not constitute it a statement of facts nor a bill of exceptions. The notes of the stenographer are, or may be made very useful in making up a statement of facts or a bill of exceptions, but are not such in themselves. The stenographer is required on application to furnish to the Attorney General, the *fiscal* or any party to the suit, a typewritten copy of the record or any part thereof on the payment of certain fees fixed by the statute. Such stenographic notes, when written out in longhand or typewriting, should be a faithful transcript of everything that takes place in the court at the trial of the cause, and when properly transcribed by the officer who made them, and filed with the clerk of the court, they may be used by the judge or the

attorneys or other persons interested, for reference in ascertaining what were the rulings of the court, just as the minutes of the court kept by the secretary, might be so used.

The statement of facts should be a brief and concise statement of all the facts proved on the trial, either by witnesses or by documentary evidence, agreed to and signed by counsel for both parties, when such agreement is possible, and afterwards examined and approved by the trial judge, and signed and certified to be correct by him officially. The method of preparing and submitting and certifying a statement of facts in the trial court set forth in Rule No. 17 of the Rules of the District Court, for criminal cases, and is referred to and approved as correct. A document of this nature brings before this court all the material evidence introduced before the trial court, and can be relied on as embodying the facts upon which the verdict of the jury and the judgment of the court, in the trial of the case, were based.

In the case at bar, as has been said already, such a statement has not been presented to this court, and necessarily the insufficiency of the evidence presented on the trial to justify the punishment inflicted by the sentence, or the existence of extenuating circumstances attending the homicide, cannot be considered here. If such facts existed, they should have been called to the attention of the trial court in the manner pointed out by the statute. (Code of Criminal Procedure, sec. 320 and 321.) These sections are identical with sections 1203 and 1204 respectively of the California Penal Code, and in Pomeroy's Code, on pp. 454 and 455, is found a note indicating more fully the procedure proper to be followed in such cases.

The discretion of the trial judge, in fixing the term of imprisonment, must be considered to have been properly and wisely exercised in the absence of anything in the record itself showing an improper or unwise use thereof.

We have carefully considered and examined the information presented by the *fiscal*, the charge given by the court to the jury, the verdict of the jury, and the sentence of the court.

imposed upon the prisoner, and they all appear to be regular and proper in every particular, strictly following the practice laid down by the law, and there is no fundamental error to be found in the record. Such being the fact, the judgment of the District Court of Guayama rendered in this case on the 5th day of April, 1905, should be in all things affirmed.

*Affirmed.*

, Chief Justice Quinones and Justices Hernandez, Figueras and Wolf concurred.