REUBEN A. CHAPMAN *vs.* PASCHAL LOOMIS.

Debt was brought in 1868 on a judgment rendered in 1842. Held that the lapse of time, unexplained, raised a presumption of payment.

To overcome this presumption the plaintiff offered evidence to show that the defendant had been insolvent during the time. To meet this evidence the defendant testified that for the twenty years before the suit was brought he had always been in possession of sufficient property, open to attachment, to pay the debt. Held that on cross-examination he might be asked whether he had in fact paid the debt.

Whether to allow the question was a matter for the discretion of the court, and error can not be predicated of the exercise of discretion.

And the discretion was regarded as properly exercised.

DEBT on a judgment rendered by the Superior Court in Hartford county, in the year 1842; brought to the court of common pleas for the county of Hartford and tried to the jury, on the general issue, before *Briscoe, J.* The writ was served May 6th, 1868. The jury having rendered a verdict for the plaintiff the defendant moved for a new trial. The case is sufficiently stated in the opinion.

*Robinson* and *Henry*, in support of the motion.

*Goodman* and *Freeman*, contra.

LOOMIS, J. This is an action of debt, brought upon a judgment rendered in the Superior Court for Hartford County in 1842.

The lapse of time unexplained, since the rendition of the judgment, raised a presumption of payment, to control which the plaintiff in his testimony in chief offered evidence of facts and circumstances from which the jury might find that the debt was still unpaid. One important fact relied upon by the plaintiff was the insolvency of the defendant.

After the plaintiff had rested his case, the defendant testified as a witness in his own behalf, and confined his testimony strictly to the fact that, during the twenty years prior to the

42

commencement of the present suit, he had always been in possession of sufficient property, open to attachment, to pay the debt. Upon the cross-examination the plaintiff inquired of the defendant whether he had in fact ever paid the debt. To this question objection was made by the defendant's counsel, that it was not a cross-examination, but a part of the plaintiff's case, after he had rested. The court allowed the question to be put, and the defendant answered, in substance, that he had never paid the debt.

It must be conceded that this testimony was relevant to the issue and very important.

Whether it was so connected with the matter stated by the defendant in his direct examination as to have enabled the plaintiff at that stage of the case to claim its admission as matter of strict legal right, it is not necessary for the purposes of this case to determine.

The rule relied upon by the defendant, "that a party has no right to cross-examine any witness, except as to facts and circumstances connected with the matters stated in his direct examination," is a rule of practice, introduced for the purpose of preserving regularity in the admission of testimony, and to prevent any surprise to the adverse party by the unexpected disclosure of new facts in the case. It rests upon essentially the same ground as the rule respecting the order in which the evidence shall be introduced upon the trial. Over both of these rules the court has a discretionary power, so to administer them as to promote justice between the parties.

There is nothing in the record in this case to show that the court, in admitting this testimony, was not exercising its discretionary power; it must therefore be presumed that such was the fact. *State* v. *Alford*, 31 Conn., 40.

It is a fundamental principle, that no error can be predicated upon the exercise of such discretion. 1 Greenleaf's Evidence, § 431; *Commonwealth* v. *Eastman*, 1 Cush., 217.

If this court could revise the action of the court below in admitting this testimony, we should be compelled to say that under the circumstances it was a proper exercise of discre-

tionary power. The witness, being the party defendant, could not be surprised by the disclosure of a fact relevant to the issue and peculiarly within his knowledge, and he was bound to be ready to meet the truth of the case as he understood it. No possible injustice could be done by requiring him to disclose a matter which overcame the presumption of payment upon which he relied, as the presumption was contrary to the fact.

A new trial is not advised.

In this opinion the other judges concurred.