## CITY OF WATERBURY *vs.* WILLIAM SCHMITZ.

New Haven & Fairfield Cos., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and PRENTICE, Js.

A city charter prescribed in detail the proceedings to be had in making an assessment on property owners for benefits from public improvements, and provided that "all assessments of benefits made under the provisions of this act shall, when completed, become a debt due to said city from the owner or owners of property specially benefited, and shall remain a lien upon such property," and that the lien "may be foreclosed in the same manner as if it were a mortgage thereon in favor of said city." In a complaint for the foreclosure of such a lien it is sufficient to aver generally that all the requirements of the charter were complied with, without averring in detail a performance of them.

The effect of the provision that the assessment should become a debt, is to place it upon the same footing for remedial purposes with other debts.

[Argued February 10th—decided March 17th, 1890.]

SUIT for the foreclosure of a lien for an assessment of benefits from the construction of a sewer; brought to the District Court of Waterbury. Demurrer to complaint; demurrer sustained, (*Bradstreet, J.,*) and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*G. E. Terry*, for the appellant.

*C. G. Root*, for the appellee.

CARPENTER, J. This is a suit to foreclose a lien for benefits assessed against the defendant for sewer improvements.

The first paragraph of the complaint alleges that "the board of sewer commissioners of said city of Waterbury, under and by authority of the charter and ordinances of said city, did, on the 22d day of December, 1886, make an assessment for sewer purposes in the sum of seventy-five dollars and twenty-two cents upon the defendant by reason of his owning certain lands fronting on Jeffrey Alley in said city, to wit: (describing the land). Paragraph four alleges another assessment of ninety-three dollars against the defendant upon the same property in substantially the same language.

The complaint is demurred to. The District Court of Waterbury sustained the demurrer, and the plaintiff appealed.

The charter prescribes in detail the steps and proceedings in making an assessment, and provides that "all assessments of benefits, made under the provisions of this act, shall, when completed, become a debt due to said city from the owner or owners of property specially benefited by the public work or improvement in view of which such assessments were made, and shall remain a lien upon such property, * * * and the lands, buildings or other property on which any such lien may exist, may be foreclosed in the same manner as if said lien were a mortgage thereon in favor of said city to secure said debt, etc."

The difference between the parties is this:—the defend-

ant contends that all the proceedings in constructing the sewer and making the assessment should be alleged in the complaint, while the plaintiff insists that a general averment that all the requirements of the charter were complied with is sufficient. A debt evidenced by a note, bond or judgment is sufficiently alleged by a general description of it, and it is not necessary to allege the circumstances and the acts of the parties leading to and ending in its creation. The effect of the charter making the assessment a debt places it upon the same footing for remedial purposes with other debts. The allegation that an assessment was made, *primâ facie* alleges the existence of an assessment and therefore of a debt. The question whether the allegation that the assessment was made under and by authority of the charter is in law an allegation that it was made according to the provisions of the charter, is a question we do not consider, as·the demurrer does not raise that question. Should the allegation be denied a question may arise whether the plaintiff may prove it by producing the record of the assessment, or whether he must prove all the proceedings. In actions for the recovery of debts generally, when the instrument sued on is *primâ facie* proof of the debt, the plaintiff may introduce that and rest; the defendant may then prove any fact, if properly pleaded, which invalidates the debt or disproves its existence.

In analogy to those cases perhaps it will be sufficient for the plaintiff to prove the assessment by the record, relying upon the presumption that the requisite preceding steps were regularly taken, and then leave it to the defendant to show any defect or omission in those proceedings. On the other hand the better view may be that it is incumbent on the plaintiff to prove, what he has alleged generally, that all the proceedings were according to the charter. In either case the defendant's rights are preserved, and we cannot see that he will suffer any inconvenience of which he can legally complain.

Again. The charter says the premises "may be foreclosed in the same manner as if said lien were a mortgage." That

in effect provides that not only the nature and form of the remedy shall be the same as in the foreclosure of mortgages, but that the pleadings and the form and effect of the judgment shall be the same. In a complaint to foreclose a mortgage it is sufficient to describe the debt in general terms. Under the charter no greater strictness is required in this case. *Durbin* v. *Platto*, 47 Wis., 484; *Manseau* v. *Edwards*, 53 Wis., 554. It is true that in those cases the statute in terms provided that the pleadings should be the same; but we think this charter has the same meaning.

The defendant cites *Moore* v. *Cline*, 61 Ind., 113, and *Overshiner* v. *Jones*, 66 Ind., 452. In that state a statute authorizes an assessment, and gives to the contractor, who does the work on an improvement, a right of action in his own name to collect the assessment. It does not appear that the assessment is made a debt and collectible as such, but a right of action is given by statute against one who sustains no contract relation in fact or in law to the plaintiff. In such a case it may well be held that the plaintiff must allege and prove every fact necessary to show that his case is within the purview of the statute. In this case the statute goes further and declares that the relation between the parties shall be that of creditor and debtor. Here the rules of pleading in actions for the collection of debts prevail; there, the principles applicable to actions founded on statutes prevail. While there are some analogies between those cases and this, yet in some respects they are quite dissimilar; so much so that we do not consider them as entitled to great weight.

We have hesitated somewhat from the fact that in the analogous case of a tax to foreclose a tax lien, the form prescribed under the Practice Act states with great particularity the proceedings in levying the tax. That form is doubtless an authority for holding good a complaint which follows it, but it does not necessarily preclude the court from sustaining a simpler and shorter complaint. However that may be, since the Practice Act went into operation in 1881 a statute was enacted providing that "all taxes, properly assessed, shall become a debt, * * * and may be, in addition to the

other remedies provided by law, recovered by any proper complaint or proceeding at law." Gen. Statutes, § 3901. The object of that statute was to give a simple remedy for the collection of taxes by an ordinary action and to dispense with prolixity in pleading.

The judgment of the District Court is erroneous and is reversed.

In this opinion the other judges concurred.