## THE CITY OF HARTFORD *vs.* THE MECHANICS SAVINGS BANK.

First Judicial District, Hartford, March Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A city ordinance providing that assessment liens for special benefits accruing from any public work shall continue until the assessment is paid, is not invalidated thereby, in the absence of any limitation as to the duration of the lien either in the charter or public laws of the State.

In respect to such liens the city, unlike a mortgagee, does not acquire the legal title to the land, and the continued possession of the owner, before foreclosure, can never be adverse to it.

After the passage of the ordinance in question a statute (Public Acts of 1889, Chap. 45, General Statutes, § 1954) provided that such liens might be foreclosed in the manner prescribed by law for the foreclosure of tax liens; and at that time (1889) the foreclosure of tax liens was barred after the lapse of five years. *Held* that the Act of 1889 referred to the general nature of the suit, but could not fairly be construed as imposing the five-year limitation upon the foreclosure of municipal assessment liens.

The defense of laches can be made only when there has been such a delay in the assertion of the claim as naturally to prejudice the party against whom it is set up.

A similar rule prevails in respect to an equitable estoppel. No one is ever estopped from asserting what would otherwise be his right, unless to allow its assertion would enable him to do a wrong.

A municipal ordinance has, as to its subject-matter, the force of a statute.

In an action to foreclose a lien for a thirty-year old sewer assessment, the defendant denied the allegation that it had never been paid. *Held* that if there were any presumption of payment from the long lapse of time, the defendant could take the benefit of it under the issue thus raised.

Argued March 7th—decided April 17th, 1906.

SUIT to foreclose a lien for a sewer assessment, brought to and tried by the City Court of Hartford, *McKone, Acting-Judge,* upon demurrer to the answer; judgment *pro forma* for defendant, from which the plaintiff appealed. *Error and cause remanded.*

*Arthur L. Shipman* and *Charles A. Safford*, for the appellant (plaintiff).

*John T. Robinson* and *Ralph O. Wells*, for the appellee (defendant).

BALDWIN, J. The court of common council of the city of Hartford, having authority by charter to provide that an assessment for benefits to real estate for any public work should be a lien upon such real estate, passed an ordinance that all such assessments should "be a lien on the land on account of which said assessment is made until the same is fully paid," provided a certificate of lien were, within three months after the assessment, lodged for record with the town clerk.

Subsequently, in 1876, such an assessment was laid for a sewer in Franklin Avenue on a certain lot, and a certificate of lien duly recorded. In 1906 the city brought this action to foreclose the lien. The complaint alleged that the assessment remained due and unpaid. These averments were denied in the "first defense" of the answer. In a "second defense" it was set up that the cause of action did not accrue within twenty years; that for more than fifteen years the defendant and its predecessors in title had been in the exclusive, notorious, and continuous possession, under a claim of right, and without recognizing the continued existence of the lien; and that for more than twenty-five years the plaintiff had neglected to attempt to collect the assessment or enforce the lien, and was equitably estopped from maintaining the action.

It is contended that, under the principles of construction applicable to municipal charters, the court of common council went beyond their powers in undertaking to impose a perpetual lien. *Crofut* v. *Danbury*, 65 Conn. 294, 32 Atl. 365. The grant by the General Assembly of the authority under which the ordinance was adopted was not coupled with any limitation as to the time during which credit

might be extended to the owner of the land affected by a lien, by postponing its enforcement. That to have it continue till payment should be voluntarily made was not contrary to public policy, is indicated by a statute, passed in 1889 and still in force, providing that liens for assessments of this nature, supported by such certificates as the ordinance required, shall " be and remain a lien upon the land upon which the same have been made, and such cities . . . shall not be required to lodge for record any further certificates of said liens " ; and adding : " Such liens may be foreclosed in the manner provided by law for the foreclosure of tax liens." Public Acts of 1889, p. 25, Chap. 45 ; General Statutes, § 1954. Liens for ordinary taxes, also, now hold until they are discharged by payment. General Statutes, § 2403 ; Public Acts of 1903, p. 107, Chap. 145, § 2. An unqualified grant of power to impose an assessment lien naturally carries with it power to impose a lien which shall continue as long as the occasion for it continues.

An assessment for benefits puts the owner of the land in the position of a debtor. *New Haven* v. *Fair Haven & W. R. Co.*, 38 Conn. 422. Neither by statute nor ordinance, however, was any obligation to pay interest laid upon the owner of the land assessed in the present instance. He could pay his debt whenever he pleased. He had no reason to complain if, until he chose to pay it, his land remained subject to a lien for its security. If his obligation is to be regarded as resting on an implied contract, and an action to enforce it against him personally as barred unless brought within six years (General Statutes, § 1110), the lapse of that period did not preclude a foreclosure of the lien. *Belknap* v. *Gleason*, 11 Conn. 160.

A lien for a debt, created by statute, endures no longer than the period during which an action on the debt may be brought, unless the statute otherwise provide. *Hills* v. *Halliwell*, 50 Conn. 270. But here the ordinance, which has as to its subject-matter the force of a statute, expressly made the lien perpetual.

Nor is the city in the position of a mortgagee of lands which have remained for fifteen years in the adverse possession of the mortgagor. A mortgage carries the legal title and gives a right of immediate possession. The municipality has no such title, and the possession of the owner, before foreclosure, can never be adverse to it.

It is contended that, under the statute quoted above, a foreclosure of the lien now in question was barred after five years, because at the date of its enactment such was the case with ordinary tax liens. General Statutes (Rev. 1888), § 3896. The provision of this statute, for a foreclosure of assessment liens in the manner in which tax liens were then foreclosed, referred to the general nature of the suit, but cannot be fairly construed as imposing the same limitation as to the time for bringing it.

There is no merit in the defense of laches. That exists only where there has been such a delay in the assertion of a claim as naturally to prejudice him against whom the claim is set up. *Waterman* v. *Sprague Mfg. Co.*, 55 Conn. 554, 574, 12 Atl. 240. Nothing appears in this case to indicate that the defendant has lost anything by the course taken by the plaintiff.

Nor is anything pleaded which can support the defense of an equitable estoppel. No one is ever estopped from asserting what would otherwise be his right, unless to allow its assertion would enable him to do a wrong. The defendant, so far as appears, has been in no way misled or injured by the city's long delay. The answer does not allege that it has lost the benefit of any defense which might have been made or of any evidence which might have been produced, had a suit been earlier brought, whether against it or its predecessors in title.

It follows that the demurrer to the second defense should have been sustained. If there be a presumption from the long lapse of time that the assessment has been paid, the only issues under which the defendant can take the benefit of that are those closed by the denials of the first defense. *Chapman* v. *Loomis*, 36 Conn. 459.

There is error, and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.