THE STATE OF CONNECTICUT vs. MARGUERITE F. KILBURN ET ALS.

First Judicial District, Hartford, May Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE AND THAYER, JS.

A municipality cannot, without the permission of the State, assess benefits against it as the owner of land benefited by a public improvement.

Such permission must be given in express terms or by necessary implication.

The charter of the city of Hartford (13 Special Laws, p. 504, § 4), granting full power with respect to such assessments on land "belonging to" the State, does not give priority to such an assessment over a school fund mortgage to the State.

Such charter (10 Special Laws, p. 255) does not give priority to a lien, thereby authorized, for the expense of the removal of snow and ice, over a school fund mortgage to the State.

A defendant in an equitable action brought by the State may interpose any defense or cross-complaint germane to the matter in controversy.    A sovereign who asks for equity must do equity.

A city imposing a lien acts by authority of the State.    No equity exists in favor of the city to command a preference for such a lien as against the State.

Whether a statute subjecting an investment of the school fund, once properly made, to risk of loss from a cause subsequently arising would be in conformity with Art. 8, § 2, of the Constitution of Connecticut, quære.

Argued May 5th—decided June 9th, 1908.

The State *v.* Kilburn.

ACTION to foreclose a school fund mortgage, brought to the Court of Common Pleas in Hartford County. The city of Hartford filed an answer, setting up certain liens imposed on the land mortgaged under its charter. The other defendants did not appear, and a decree having been rendered against them by default, they failed to redeem. A demurrer to part of the answer of the city had been filed, and all questions arising thereon were then reserved (*Peck, Associate-Judge*) for the advice of this court; both parties filing a stipulation that a final judgment, in a form therein specified, should be entered for or against the State, according to the advice that might be given. *Judgment advised for the State.*

*Edward M. Day*, with whom was *Marcus H. Holcomb*, Attorney-General, for the plaintiff.

*Lawrence A. Howard*, for the defendant city of Hartford.

BALDWIN, C. J. The charter of the city of Hartford (6 Special Laws, p. 315 ; 8 id. p. 111) authorizes the court of common council to assess the whole or any part of the expense of constructing a sewer upon the persons whose property is in its opinion specially benefited thereby, or, at its option, directly upon any land so benefited. Any such assessment of benefits "shall be a lien upon the land on account of which they were assessed," commencing from the time of the passage of the vote ordering the construction of the sewer, and can be perpetuated by filing a proper certificate with the town clerk. *Hartford* v. *Mechanics Savings Bank*, 79 Conn. 38, 63 Atl. 658.

The charter (10 Special Laws, p. 255) also provides that for any expense incurred by it in removing snow from a sidewalk, the city shall have " a claim against the owner or proprietor of the land adjacent to such sidewalk, which may be collected and enforced at law, and a lien and real incumbrance in favor of said city upon said land," which can be perpetuated by a similar certificate.

Liens evidenced respectively by a certificate of the former kind, for a sewer assessment against the estate of one Kilburn, and certificates of the latter kind for a claim against the same estate for the expense of removing snow from a sidewalk, were imposed upon a lot of land in Hartford, which had previously been mortgaged by Kilburn to the State, to secure a note for a loan made from the school fund and payable on demand at the office of the school fund commissioner, with interest payable semi-annually.

By General Statutes, §1954, city liens for assessments of benefits for any public work may be foreclosed in the same manner as tax liens. They put the owner of the land against whom the assessment is made in the position of a debtor to the city. *Hartford* v. *Mechanics Savings Bank*, 79 Conn. 38, 40, 63 Atl. 658. They also rank before mortgages to private individuals previously existing and recorded. *Norwich* v. *Hubbard*, 22 Conn. 587. Do they have like priority over such a mortgage to the State?

The city could not, without the permission of the State, assess benefits against it as the owner of land benefited by a public improvement. General expressions, granting it liberty to assess all persons specially benefited would not import such permission. The State holds the immunities in this respect belonging by the English common law to the King. It is not to be sued without its consent. Its rights are not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication. *State* v. *Hartford,* 50 Conn. 89, 90.

With respect to such assessments on land "belonging to" the State, the charter of Hartford (13 Special Laws, p. 504, § 4) now grants full power. The term "belonging to," as thus used, imports beneficial ownership. *Brooks* v. *Hartford*, 61 Conn. 112, 124, 23 Atl. 697. There is no implication that like power is given as to land on which the State may have a mortgage, for the benefit of the school fund. School fund loans on mortgage can only be made on unincumbered lands worth double the amount loaned.

General Statutes, § 157. One holding such a mortgage stands in no need of further security. He would, however, be prejudiced should, after the acquisition of his mortgage title, any other and subsequent incumbrance be given priority. The law expressly provides that "no tax assessed upon property mortgaged to the State of Connecticut to secure a loan from the school fund, shall be a lien upon said property which shall take precedence of such mortgage or mortgages thereon." General Statutes, § 2392. It is unnecessary to determine whether the words "tax assessed," as thus used, cover benefits assessed. See *Bridgeport* v. *New York & N. H. R. Co.*, 36 Conn. 255; *Sargent & Co.* v. *Tuttle*, 67 id. 162, 166, 34 Atl. 1028. They certainly do not justify any inference that municipal assessments for benefits can take precedence of a school fund mortgage, prior in date and record.

The preservation of that fund inviolate was specially guarded in the Constitution (Art. 8, § 2) which declares that it shall "remain a perpetual fund, the interest of which shall be inviolably appropriated to the support and encouragement of the public, or common schools throughout the state, and for the equal benefit of all the people thereof," and that "no law shall ever be made, authorizing said fund to be diverted to any other use than the encouragement and support of public, or common schools, among the several school societies, as justice and equity shall require." If, in the face of these provisions, any statute could avail to subject an investment of the fund, once properly made, to risk of loss from a cause subsequently arising, it would require at least a clear and unmistakable expression of the legislative will.

This action being an equitable one, the State, by bringing it, opened the door to any defense or cross-complaint germane to the matter in controversy, that the city might see fit to interpose. A sovereign who asks for equity must do equity. *Rowan* v. *Sharps Rifle Mfg. Co.*, 29 Conn. 282, 330.

There is, however, no equity in favor of the city. Liens

for municipal assessments on account of the expense of a public work override a prior mortgage to a private individual because the municipality is a public body, and it is for the public interest that the collection of such assessments should be made secure. *Albany Brewing Co.* v. *Meriden*, 48 Conn. 243, 247. They are imposed by authority of the State, and by a political agency of the State, which, so far forth, participates in the exercise of its sovereignty. But because a city to that extent shares in the privilege of a sovereign to command a preference over ordinary creditors, it does not follow that it can command it as against the sovereign itself.

As the lien for the sewer assessment is inferior to the school fund mortgage, those for the expense of cleaning sidewalks, *a fortiori*, are also.

The Court of Common Pleas is advised to sustain the demurrer of the State.

No costs will be taxed in this court.

In this opinion the other judges concurred.