THE CITY OF HARTFORD *vs.* CHARLES E. POINDEXTER ET ALS.

First Judicial District, Hartford, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

In laying out and altering streets and in establishing building lines, municipalities act under special and limited authority, compliance with which is essential to the validity of their proceedings.

A city ordinance provided, among other things, that no vote or resolution laying out or altering a street, or establishing building lines, should be passed by either board of the court of common council until a copy thereof, duly attested, had been published in the local newspapers, together with a notice to all persons interested to

Hartford *v.* Poindexter.

file a written statement of their objections, if they had any, with the city clerk. *Held:*—

1. That the publication of this notice was a condition precedent to the passage of the vote or resolution, and that in its absence the municipal authorities acquired no jurisdiction over the parties interested.

2. That the publication of a resolution which purported merely to widen an existing city street, together with the required notice to persons interested in that improvement, did not justify the municipal authorities in proceeding four years later, without any other or further notice, to establish building lines on such street and to assess benefits and damages therefor.

3. That the assessment of benefits and damages being void for lack of the required notice, a lien based on such assessment was also invalid.

4. That the court of common council being a tribunal of inferior and limited powers, the record of its action in establishing building lines could not be aided or supported by the presumption, applicable to courts of general jurisdiction, that the steps required by ordinance and essential to the council's jurisdiction were regularly and duly taken.

An ordinance, enacted after the street was widened, prescribed that if the proposed vote or resolution laid out a new street or altered an existing one, it should designate the building lines of said street. *Held* that this referred to resolutions which might thereafter be brought before the court of common council, and did not apply to improvements already made or voted.

The finding of a fact without any evidence to justify it is an error of law which is reviewable in this court on appeal.

The power of making assessments for public improvements, like other taxing powers, is an arbitrary one; and therefore a city which creates such an obligation in its own favor should be required to show its compliance with the law authorizing its creation, before a recovery upon the obligation can be allowed.

A provision in a city charter and ordinances that an assessment lien may be foreclosed in the same manner as mortgages, refers only to the general nature and form of the suit, not to the rules of evidence or the burden of proof.

An assessment for benefits on account of a public improvement carries no interest, as such, or by way of penalty, unless so provided by law; and an amendment of a city charter providing that such assessments "shall bear interest from the date when the same become due and payable," is not retrospective, and applies only to those thereafter made.

All laws operate prospectively only, unless their language unmistakably gives them a retrospective operation.

Argued January 3d—decided March 8th, 1911.

SUIT to foreclose a lien for benefits arising from the layout of a city street, brought by appeal of the defendants from a judgment of the City Court of Hartford to the Superior Court in Hartford County and tried to the court, *Burpee, J.;* facts found and judgment rendered . for the plaintiff, from which most of the defendants appealed. *Error: judgment to be entered for defendants.*

The finding shows that the plaintiff, to prove that the assessment, on account of which the lien in question was filed, was legally made, introduced in evidence a record of the proceedings and vote of its court of common council passed April 1st, 1871, and approved by the mayor on the 4th day of April. This is spoken of as Exhibit D in the finding, and is as follows:—

"THE HIGHWAY COMMITTEE in the matter of laying out a Street and Building Lines on both sides of Albany Avenue,—The Street lines from Edwards Street Westerly to the City Line, and Building Lines from Edwards Street to Garden Street 4 feet back and from Garden Street to City Line 20 feet back—beg leave to report for the final action of the Court of Common Council.

"Said Street and Building Line is described in the resolution establishing the same as follows, *viz.: Resolved* That the Court of Common Council of the City of Hartford will lay out, open and establish a new street or highway as a substitute for the street now opened and known as Albany Avenue, the South line of the same, to commence at the present Southwest corner of Albany Avenue and Edwards Street and thence running Westerly in a straight line 2010 feet to a point 18 feet westerly of the dividing line between land of James and Jonathan Goodwin, said line passing through a point $7\frac{5}{10}$ feet southerly from the southeast corner of the Goodwin Tavern House, so-called, owned by James Goodwin. thence on a line curving northerly on a radius

of 1910 feet, 533 feet to a point 278 feet east of Jonathan Goodwin's lane, thence curving southerly on a radius of 2865 feet six hundred and eighty feet to a point on land of said Jonathan Goodwin, thence on a straight line tangent to said curve and passing through a point one inch south of the southwest corner of the house owned and occupied by Edward Kenyon, also through a point 140 feet south of the southeast corner of the slaughter house owned by F. W. & D. Adams and opposite said slaughter house, thence curving to the south on a radius of 1910 feet, 818 feet to a point on land of James Goodwin, thence running westerly in a straight line tangent to said curve 1150 feet to the present south line of said Albany Avenue at its intersection with Park River. The north line of said street to be parallel with the above described south line and 75 feet distant therefrom at all points, and the Highway Committee be and they are hereby directed to take the necessary measures for the laying out, opening and establishing the aforesaid described new street or highway in conformity to law.

"The Highway Committee having failed to agree with the respective parties entitled to damages, or liable for betterments, applied to the Assessment Committee, who on the 10th day of January, 1871, at 10 o'clock A. M. and by adjournment on the 23d and 24th days of said January having given legal notice to all parties of such meeting and having met and appraised damages and assessed benefits or betterments as follows:

| NORTH SIDE. | DAMAGES. | BENEFITS. |
|---|---|---|
| Wm. McGowen | $ 8 | $ 108 |
| Paul Link | 9 | 377 |
| Newton Carter | 8 | 248 |
| Wm. H. Bradley | 3 | 93 |
| Wm. McGurk | 3 | 103 |
| Newton Carter | 5 | 165 |

Hartford *v.* Poindexter.

| NORTH SIDE. | DAMAGES. | BENEFITS. |
|---|---|---|
| Michael McWeeney ........... | 5 | 135 |
| John Grogan.................. | 6 | 146 |
| Thos. Summer................ | 5 | 105 |
| Alfred E. Burr................ | 17 | 315 |
| James Goodwin............... | 241 | 241 |
| James G. Batterson............ | 190 | 715 |
| Edward Kenyon .............. | 67 | 397 |
| Seth Kenyon ................. | 258 | 1,528 |
| Bernard McGurk.............. | 53 | 453 |
| Darwin & John Adams......... | 212 | 212 |
| Jas. B. Shultas............... | 315 | 415 |

| SOUTH SIDE | DAMAGES. | BENEFITS. |
|---|---|---|
| Warren B. Sage & Wife........ | $ 98 | $ 98 |
| Joseph S. Frence.............. | 39 | 139 |
| James Goodwin............... | 104 | 104 |
| Jonathan Goodwin ............ | 283 | 408 |
| Edward Kenyon .............. | 101 | 101 |
| Seth Kenyon ................. | 101 | 101 |
| Samuel F. Bradly............. | 31 | 231 |
| John Harrison ................ | 30 | 180 |
| John Frany................... | 20 | 70 |
| D. S. Brooks & Son........... | 20 | 45 |
| Bernard McGurk.............. | 20 | 20 |
| N. W. School District.......... | 13 | 13 |
| Peter Sunderland............. | 10 | 10 |
| Darwin & John Adams......... | 236 | 236 |
| James Goodwin............... | 310 | 310 |
| Total Damages and Benefits for street layout assessed 21st May, 1867. Betterments were estimated and deducted from the damages. | 5,001 ——— $7,822 | TT ——— $7,822 |

"Which appraisals and assessments were duly certified by said Assessment Committee, and published ac-

cording to law and from which no appeals were taken, and the time limited for appeals having expired the same amounts still remain, and have become final. Your Committee therefore offer the following resolution and recommend its passage:

"*Resolved:* That all the proceedings in the laying out of Albany Avenue, and of the Building Lines thereon as described in the foregoing report of the Highway Committee be and the same are hereby accepted and approved, and that said Street and Building Lines are hereby established and confirmed; and it is hereby ordered that the City Treasurer be directed to offset the betterments against the damages respectively assessed as aforesaid upon his books in accordance with 'An Act to Amend the Charter of the City of Hartford,' approved July 6th, 1870, and that the sums awarded as damages remaining after such offset be deposited with said treasurer, to be paid to the respective parties, and also that his Honor the Mayor be and is hereby authorized and requested to issue a warrant for the collection of the several amounts of betterments assessed upon the several parties, and lands and not set off as aforesaid.

F. S. BROWN,
*Chairman.*

Hartford, Conn., April 1st, 1871.

ENDORSEMENTS.

Final Report
of the
HIGHWAY COMMITTEE,
On the Layout of Albany Avenue, Street
and Building Lines.
An B. A. April 1st, 1871.   Report accepted
and Resolution Passed.
L. Woodhouse, *Clerk.*

Hartford *v.* Poindexter.

C. C. B. April 1, 1871.     Hartford, April 4, 1871.
    Concur:                  Approved:
      P. F. Butler,             Chas. R. Chapman,
         *Clerk.*                     *Mayor.*"

An ordinance of the city, effective September 25th, 1869, and thereafter, provided as follows:—

"Section 1. Whenever any vote or resolution shall be offered in either board of the Court of Common Council proposing to lay out, construct or establish any new highway, street . . . ; or to discontinue or to alter the location or width of any existing highway, street, . . . ; or to exchange or sell one highway for another; or to establish a building line or lines, . . . such vote or resolution shall not be passed by either board of said Court of Common Council until said Court has caused said proposed vote or resolution and a certificate that the same is pending in said Court, attested by the clerks of each of said boards, to be published, at least twice in two daily newspapers published in the City of Hartford with a notice appended to such published vote or resolution to all persons to file a written statement of their objections, if they have any, with the city clerk within ten days inclusive from the day of the first publication of said notice. . . .

"Section 2. Every such proposed vote or resolution shall briefly and intelligently state the general character and description of the proposed improvement but need not contain definite measurements, courses or termini. It may embrace one or more of the several kinds of local improvements specified in the first Section of this ordinance, and in case of a new street, or alteration of an established street, shall designate the building lines on said street."

A similar ordinance, so far as respects this case, had been in effect since 1860, except that it was not pro-

vided therein that proposed votes relating to new streets, or alterations of established ones, should designate the building lines.

The plaintiff also introduced a resolution of the court of common council passed and approved April 6th, 1867, copies of which were published in two Hartford newspapers while the resolution was pending in the court of common council. This resolution is identical with the one which is recited in the report of the highway committee contained in Exhibit D. The newspaper copies referred to were also introduced in evidence and are Exhibits B and C mentioned in the finding. These copies as printed were duly certified by the clerks of the board of aldermen and common council as pending in the court of common council, and there was printed with them the following order passed by the court of common council relative thereto: "Ordered: That the foregoing resolutions be published in two daily newspapers issued in the City of Hartford, attested by the Clerk of each branch, to be pending in this Court, together with a notice appended to such resolutions, as published, to all persons to file a written statement of their objections, if any they have, with the City Clerk, within ten days from the day of the first publication of said notice. *Attest,* Levi Woodhouse, *City Clerk.*"

This was the only evidence offered by the plaintiff to establish the legality of the assessment. The defendant offered no evidence except a copy of Exhibit D, taken from the records of the city clerk, where it was recorded pursuant to an ordinance, and which showed that the vote was approved April 2d, 1871. The other facts sufficiently appear in the opinion.

The defendants claimed that the plaintiff had failed to show that the requirements of the ordinance with respect to notice had been complied with, or that the assessment upon which the lien in suit was founded was

valid; and they claimed that the assessments and liens were invalid.

*William Brosmith* and *Robert C. Dickenson,* for the appellants (defendants).

*William Waldo Hyde* and *Lawrence A. Howard,* for the appellee (plaintiff).

THAYER, J.   The defendants own land on Albany Avenue in the city of Hartford.   Their several lots formerly constituted one tract which was owned by James G. Batterson, through whom directly or by mesne conveyances they all derive title.   In 1871, when the land was owned by Batterson, the plaintiff caused a certificate of lien, of which the following is a copy, to be filed with the Hartford town clerk: "This may certify that an assessment for Albany Avenue Street and Building Lines of Five Hundred & Twenty-five Dollars for a public work or improvement has been made on James G. Batterson on account of a certain piece of land situated in the City of Hartford and bounded North on Charles Blair, East on Vine Street, South on Albany Avenue & West by Seth Kenyon, and that the City of Hartford claim a lien upon said land for said amount until the same is paid with all expenses.   Hartford, June 30th, 1871.   W. M. Charter, *Street Commissioner.*" The land described was the entire tract, and covered the several lots now owned by the defendants in severalty. This action is brought to foreclose that lien.

The complaint alleges that the court of common council of the city of Hartford made the assessment therein referred to under the authority of the charter and ordinances of the city, that the street commissioner of the city lodged the certificate of lien in accordance with the charter of the city, and that in making the assess-

ment and filing and recording the lien all the requirements of the charter and ordinances of the city were complied with. These allegations are denied in the answer.

The lien is a security for the payment of the assessment. If there is not a valid assessment, there is no lien. *Gregory* v. *Bridgeport*, 52 Conn. 40, 44. The defendants' claim upon the trial was that the assessment was invalid and the lien void, because no notice was given, as required by the ordinances, of the pendency of the proposed votes establishing the improvement on account of which the assessment is claimed to have been made. The court found that the assessment was made and the certificate of lien lodged and recorded under and by authority of the plaintiff's charter and ordinances, and that in such proceedings all the requirements of the charter and ordinances were duly complied with. The plaintiff claims that the question whether the charter and ordinances were complied with is a question of fact, and that the defendants are concluded by this finding. But finding a fact without evidence is an error of law. *Morris* v. *Winchester Repeating Arms Co.*, 73 Conn. 680, 692, 49 Atl. 180. The judge, at the request of the defendants, amended his finding by a statement that the plaintiff offered no evidence to show that it had caused any notice of either the proceedings in 1871, or those in 1867, to be published in the newspapers of Hartford as required by the ordinances, other than its Exhibits B, C, and D. The defendants produced no evidence except as to the date of the approval of the vote of 1871. If, then, the exhibits referred to furnish no evidence that such notice was given, there was no evidence of that fact, and, if that was a fact essential to be proved by the plaintiff, it failed in its proof, and the judgment was wrong.

The ordinances provided that a vote laying out a

street, or altering street lines, or establishing building lines, should not be passed by either board of the court of common council until it had caused the proposed vote, duly attested by the clerk of each board, to be published, together with a notice, appended to such vote as published, to all persons interested to file a written statement of their objections, if they had any, with the city clerk. The purpose of this is manifest. It gave persons interested an opportunity to object to the passage of the vote and the establishment of the proposed improvement. Such objections might be sufficient to defeat the passage of the vote. It was an essential condition precedent to the passage of the vote, and thus to the establishing of the improvement. It was by this notice that it acquired jurisdiction over the parties interested. It was essential, therefore, for the plaintiff to prove that such notice was given; otherwise it failed to establish the validity of the assessment upon which it relied.

The plaintiff insists that by the introduction of the final proceeding of the court of common council establishing the building line and approving the assessment, with the recitals of Exhibit D, a prima facie case was made out, and that there was a presumption that the necessary requirements had been complied with, no evidence to the contrary having been introduced by the defendants.

Municipal authorities in laying out and altering streets, and establishing building lines, act under special and limited authority. They are inferior tribunals. There is no presumption in favor of their jurisdiction as there is in the case of courts of general jurisdiction. *Sears* v. *Terry*, 26 Conn. 273, 280. The judgments of such courts, taken alone, are entirely disregarded, and the proceedings must show their jurisdiction. *Kempe's Lessee* v. *Kennedy*, 5 Cranch (U. S.)

173, 185. If the record shows jurisdiction it is prima facie evidence, but it may be attacked and contradicted in a collateral matter. *Sears* v. *Terry*, 26 Conn. 273, 282; *Culver's Appeal*, 48 id. 165, 173. "Whoever relies on a judgment of a court of limited and special jurisdiction, must aver and prove the facts necessary to give the court jurisdiction." *Sears* v. *Terry*, 26 Conn. 273, 282. Unless, therefore, the record of the proceedings of the plaintiff's court of common council showed that it had jurisdiction of the parties, its approval in 1871 of the building line and the assessment made therefor afforded no presumption that proper notice had been given, or that it had jurisdiction of the parties which alone would make the proceedings regular and valid.

In considering upon a demurrer (in *Waterbury* v. *Schmitz*, 58 Conn. 522, 524, 20 Atl. 606) the sufficiency of a complaint similar to that now before us, referring to what it might be incumbent on the plaintiff to prove, we said: "Perhaps it will be sufficient for the plaintiff to prove the assessment by the record, relying upon the presumption that the requisite preceding steps were regularly taken, and then leave it to the defendant to show any defect or omission in those proceedings. On the other hand the better view may be that it is incumbent on the plaintiff to prove, what he has alleged generally, that all the proceedings were according to the charter." We think that the latter is the better view, and the only one which can properly be adopted. The power of making assessments, like other taxing powers, is an arbitrary one. The liability for assessment is created by the authority exercising that power for its own benefit. There is a reason why a man's note or bond or other obligation should be prima facie proof of his liability upon it. But the party who creates an obligation in his own favor should be required to show his authority to create it before he is allowed to recover

upon it. The plaintiff's counsel think that support is found for the claim that the assessment is prima facie proof of its own validity, in the fact that the city charter and ordinances provide that an assessment lien may be foreclosed in the same manner as a mortgage incumbrance, the rule in the case of a mortgage foreclosure being that the introduction of the note and mortgage establish a prima facie case which the defendant must overcome by evidence. The cases are not analogous; for in the case of the mortgage the defendant or his privies created the obligation. But the provision for the foreclosure of assessment liens in the same manner as mortgages, refers to the general nature of the suit. *Hartford* v. *Mechanics Savings Bank,* 79 Conn. 38, 41, 63 Atl. 658. It has no reference to the rules of evidence or the burden of proof.

The case of *Hartford* v. *Champion,* 58 Conn. 268, 20 Atl. 471, cited by the plaintiff as determining that an assessment list is evidence that the tax was properly laid, does not support the plaintiff's claim. The circumstances under which the assessment list was introduced in that case do not appear. For aught that appears in the case proper foundation had been laid for its introduction by showing who were the assessors, and that no list had been handed in by the defendant. In such case the assessors would have authority to make the assessment and the fact of their jurisdiction would be established. The objection to the evidence was upon other grounds, and the decision merely answers those objections.

The plaintiff, however, claims that, if the record of the assessment does not of itself furnish prima facie proof that the required notice was given, the entire record of the proceedings in evidence shows that the notice was in fact given.

The record of the proceedings in 1871, Exhibit D,

begins with what purports to be a report of the high-
way committee in the matter of laying out a street and
building lines on both sides of Albany Avenue. The
preamble of the report purports to give the building
line. The report then states that the building line is
described in a resolution establishing the same, and
recites the resolution. The resolution is identical with
one passed four years before by the court of common
council establishing and laying out Albany Avenue.
It contains no reference to building lines. This is the
authority given by the committee for proceeding to lay
out and assess for a building line. It furnished no au-
thority for establishing or making an assessment for a
building line. If this resolution was published as the
ordinance required, it gave the property owners no
notice that building lines were to be established. It is
suggested that by reason of the change in the ordinance
between 1867 and 1871, requiring that the resolution
to establish a new street should designate the building
lines, the resolution was sufficient to give parties in-
terested notice that building lines would be established.
This is to argue that because the ordinance requires that
the resolution shall designate the building lines it is
unnecessary to include such designation in the resolu-
tion. It is unnecessary to discuss this suggestion, for,
if we are to treat the proceeding in 1871 as an inde-
pendent proceeding disconnected from that of 1867,
there is nothing to show that notice of the pendency of
the resolution was ever published as required.

But it is said that the proceedings in 1871 may be
treated as a part of the proceedings begun in 1867; that
under the ordinance in force in 1867 the establishment
of a building line was a separate public work; that the
vote of 1867 was valid, and gave the court of common
council jurisdiction of the improvement then voted and
of the parties affected by it, which jurisdiction contin-

ued, and that by the ordinance of 1869 the establishment of building lines became a part of the whole improvement. It is denied by the defendants that the vote of 1867 was valid. But, if it be conceded that it was, how did that vote establishing and laying out Albany Avenue give authority to establish a separate public work not mentioned in it, and which could not under the ordinances then and still in force be established except by resolution of the pendency of which public notice had been given? The ordinance of 1869 was prospective. It referred only to resolutions which should be brought before the court of common council after its passage. To improvements already made or voted it had no reference. As to these, the establishment of building lines continued to be a separate public improvement to be proceeded with as the ordinances provided. If, therefore, proper notices of the pendency of the resolution of 1867 laying out Albany Avenue were published, they furnished no notice of the proposed establishment then, or in 1871, of building lines thereon. The plaintiff, therefore, failed to produce any evidence to prove its allegations that the building lines were established and the assessments made in accordance with its charter and ordinances.

An assessment for benefits carries no interest as such, or by way of penalty, unless the law so provides. *Sargent & Co.* v. *Tuttle*, 67 Conn. 162, 167, 34 Atl. 1028; *Hartford* v. *Mechanics Savings Bank*, 79 Conn. 38, 40, 63 Atl. 658. By an amendment of the plaintiff's charter in 1899 it is provided that "all assessments made for public improvements . . . shall bear interest from the date when the same become due and payable, at such rate as the court of common council of said city shall . . . prescribe." By an ordinance passed June 10th, 1902, the rate was fixed at four per cent. The court allowed interest at this rate on the amount

claimed in the certificate of lien, from the date of the ordinance. This is assigned for error.

When the lien was filed, the assessment drew no interest. None was claimed in the certificate. Two of the defendants acquired title to their property before the amendment of the charter referred to. The assessment was not against the property, but against Batterson. He died in 1901. The present owners are not liable for the assessment. So far as appears, no demand for the payment of it had ever been made upon them. They can be compelled to pay it only through the enforcement of the lien. It is doubtful whether this property, after having passed into new hands after the lien was filed, can be made chargeable under the lien with an after-imposed penalty inflicted in the form of interest upon the person liable upon the assessment because of his neglect to pay it. But we are not required to decide that question. The amendment to the charter is not retrospective. It does not relate to assessments already made at the time of its passage, but to future assessments. This is clear from the terms of the amendment. The assessments are to bear date from the time when they become due, not from the time when they became due, nor from the date of the ordinance fixing the rate. All laws are held to operate prospectively, unless their language unmistakably gives them a retrospective operation. *Middletown* v. *New York, N. H. & H. R. Co.*, 62 Conn. 492, 497, 27 Atl. 119. No interest should have been allowed.

It becomes unnecessary to consider the defendants' claim that the inclusion in the assessment of 1871 of the item of $5,001 rendered the whole assessment void. There is nothing in the finding which shows, as the defendants claim, that unless this item had been included there would have been no resulting assessment against Batterson. However that may be, the ques-

tion becomes of no consequence in the decision of the case.

There is error, the judgment is reversed, and the case is remanded with direction to enter judgment for the defendants.

In this opinion the other judges concurred.