WEST HAVEN TEACHERS FEDERAL CREDIT UNION *v.* EDWARD KIMBERLY ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 92408

Memorandum filed February 13, 1974

*Ronald F. Bozelko,* of Bridgeport, for the plaintiff.

*Morris Berkowitz,* of New Haven, for the named defendant.

*Fred D. Sette,* of Hamden, for the defendants Benedetto.

*Ginsberg, Mirto & Ginsberg,* of West Haven, for the defendant Connecticut Refining Company.

MATZKIN, J.  This is an action in which the plaintiff is seeking to foreclose a judgment lien. The factual situation is not in dispute, and it appears that on April 11, 1972, judgment was rendered in the Circuit Court for the eighth circuit, in West Haven, in favor of the plaintiff to recover of the

defendant Edward Kimberly the sum of $3449.15 plus taxable costs of $51.70. The court further ordered Edward Kimberly to pay the sum of $3 weekly, commencing April 18, 1972, until the judgment and costs are fully paid. Payments have been made regularly and in accordance with the court order. Edward Kimberly, in a special defense to the instant foreclosure action, now alleges that since he is not in default in his payments the plaintiff is barred from foreclosing the judgment lien. The plaintiff has filed a demurrer to that special defense on the ground that payment of a weekly order by a judgment debtor does not constitute a defense to a foreclosure of the debtor's property by the judgment creditor.

Section 49-46 of the General Statutes provides, inter alia, that any such judgment lien may be foreclosed or redeemed in the same manner as mortgages upon the same estate. The words "in the same manner as mortgages" have been interpreted by our Supreme Court to refer only to the general nature of the suit and have no reference to the rules of evidence or burden of proof. *Hartford* v. *Poindexter,* 84 Conn. 121, 133. Foreclosure of a mortgage and action upon the note are regarded as separate and distinct causes of action, although both may be pursued in a foreclosure suit. *Little* v. *United Investors Corporation,* 157 Conn. 44, 48.

From the foregoing, it would appear that foreclosure of a judgment lien and an order of weekly payments by the court arising out of the same judgment are to be treated as separate and distinct causes of action and methods of satisfying the judgment.

In view thereof, this court is of the opinion that a judgment creditor may pursue his remedy of satisfying the judgment by foreclosure even though the

judgment debtor is making prompt and regular payments under a court order on account of that judgment. Certainly, the judgment debtor would have a good defense to the issuance of a wage execution if he were obeying the court order as to payments, but the court has been unable to find any authority substantiating the position of the defendant that there must be default in payments to allow foreclosure of the property of the judgment debtor. The law appears to be to the contrary in treating the foreclosure of a judgment lien and court order of weekly payments as being separate and distinct. In determining the indebtedness due and owing, the defendant is, however, to be given full credit for all payments made to the plaintiff.

"Foreclosure is peculiarly an equitable action, and the court may entertain such questions as are necessary to be determined in order that complete justice may be done." *Hartford Federal Savings & Loan Assn.* v. *Lenczyk,* 153 Conn. 457, 463.

Following the dictum as set forth in the foregoing case, it would appear that there are relevant and significant questions relating to the conduct and acceptance of payments by the plaintiff herein, the amount due and owing on the indebtedness, and the effect of these factors on the judgment of foreclosure and the law day to be granted by the court, so that the matter should be fully tried on its merits on the basis of equitable principles.

Accordingly, the demurrer is overruled.