Section 12-81 of the General Statutes, which is entitled "Exemptions," states in subsection (32) that "Private libraries and books" shall be exempt from taxation. The sole issue before the court is whether the law library and books of the plaintiff, a private law firm, are subject to taxation by the city of Stamford within the intendment of the statute. There is no valuation issue involved.
Certain principles of statutory construction frequently and consistently expressed by the Supreme Court of this state are determinative of this appeal. *Page 360 
A brief recitation of recent decisions which precisely relate to the present issue will obviate the need to review the legion of cases on the point.
In the absence of special circumstances, the words of a statute are to be accorded their common meaning. General Statutes § 1-1; Low StamfordCorporation v. Stamford, 164 Conn. 178, 182. Webster's Third New International Dictionary defines the word "private" as meaning "intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public." Ballentine's Law Dictionary defines "private" as meaning "belonging, relating or pertaining to private individuals, as distinguished from belonging, relating or pertaining to the public." Within the parameters of this definition the plaintiff's library and its books are clearly private. It is true, of course, that statutes which exempt from taxation must be strictly construed against the party claiming the exemption; however, "`such strict construction neither requires nor permits the contravention of the true intent and purpose of the statute as expressed in the language used.'" Hartford Hospital v. Hartford,160 Conn. 370, 375, quoting from Jewett CitySavings Bank v. Board of Equalization, 116 Conn. 172,185.
It has been declared repeatedly that the intent of the legislature is to be ascertained from the language of the statute itself, if the language is plain and unambiguous, and that where the legislative intent is clear there is no room for statutory construction.Jarvis Acres, Inc. v. Zoning Commission,163 Conn. 41, 46; Mancinone v. Warden, 162 Conn. 430,439.
Our Supreme Court has stated that "[t]he intention of the legislature, expressed in the language it uses, is the controlling factor and the application of *Page 361 
common sense to the language is not to be excluded."United Aircraft Corporation v. Fusari, 163 Conn. 401,410.
It is true that the plaintiff is in business for profit and that its library is an important part of its business, but the statute does not distinguish between private libraries and books used for business and those not used for business, and the intent of the legislating body is to be found, not in what it meant to say, but in the meaning of what it did say.Connecticut Light Power Co. v. Sullivan,150 Conn. 578, 581.
A municipality has no powers of taxation except those expressly given to it by the legislature. Chamberlain
v. Bridgeport, 88 Conn. 480, 490. Its powers of taxation can be lawfully exercised only in strict conformity to the terms by which they were given.Hartford v. Poindexter, 84 Conn. 121. Courts cannot add provisions to a statute because they think it would have been improved or could be improved by the inclusion of other provisions, nor can they "by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them." State v.Nelson, 126 Conn. 412, 416; Murphy v. Way,107 Conn. 633, 639.
Finally, the parties agreed that the city of Stamford has never before attempted to levy this tax, and although this would not conclusively determine the validity of such an imposition, the long-continued inaction of the defendant is indicative of the lack of statutory power to impose a personal property tax on the plaintiff's library and books. In re West NewYork, 25 N.J. 377.
The court finds that the library and books of the plaintiff are not taxable.
The appeal is sustained. *Page 362 
 The assessor and the board of tax review are directed to correct the assessment against the plaintiff accordingly and to remit to the plaintiff any payment of taxes made by virtue of the assessment against such personal property on the tax lists of 1971, 1972, 1973 and 1974, with interest to the date of judgment and costs.