The plaintiff has appealed from an assessment of benefits imposed upon certain unimproved land which he purchased on February 9, 1972. The assessment was made on February 15, 1974, by the defendant town council acting as the sewer authority for Plainville, although the sewer actually had been installed in front of the plaintiff's property in 1967. The stipulation of facts submitted to the trial court states that the delay in making the assessment was the result of administrative oversight. No caveat or notice of a deferred sewer assessment was filed in the land records.
The plaintiff challenges the validity of the assessment on the grounds (1) that they failure to file in the land records a caveat giving notice of a future sewer assessment invalidates the assessment, which was made approximately two years after he purchased the property; and (2) that the delay in making the assessment was in violation of the special act creating the Plainville sewer authority and also renders the doctrine of laches applicable. The trial court rejected those contentions. *Page 568 
The claim that a caveat should have been filed is based on a provision of Public Acts 1971, No. 699, enacted as an amendment to General Statutes7-249 a year before the plaintiff acquired his property. That amendment required a sewer authority to "place a caveat on the land records in each instance where assessment of benefits to anticipated development has been deferred."[1] The term "anticipated development" refers to another portion of the amendment which provided that "[b]enefits to anticipated development shall not be assessed until such development is approved or occurs." The stipulation of facts does not suggest that any development of the plaintiff's land has been approved or has occurred, but, on the contrary, indicates that the land is unimproved. It is clear, therefore, that we are not dealing with a deferred assessment of benefits for anticipated development and that the requirement of filing a caveat was inapplicable, even if this 1971 enactment were construed to apply to a sewer constructed in 1967.
The provision of the special act[2] relating to the Plainville sewer authority relied upon by the plaintiff states that "the commission shall determine whether benefits shall be assessed . . . and said benefits, if assessed, shall be assessed . . . at the earliest practicable time . . . ." It is admitted in the stipulation that the delay of approximately seven years in making the assessment occurred because of "administrative oversight." From this euphemism the inference is unavoidable that the delay resulted from a bungle on the part of the *Page 569 
defendant, which makes it readily apparent that the assessment was not made at the "earliest practicable time" as provided by the special act. The conclusion of the trial court that the plaintiff failed to sustain his burden of proof on this factual issue is inconsistent with the stipulation and cannot be sustained.
The defendant claims that the "earliest practicable time" provision of the special act should be construed as directory rather than mandatory. "Provisions which, although directing action or regulating conduct of public officers, have for their purpose merely the securing of order and dispatch in the conduct of the business of such office, and on which rights of individuals or the public can not be said to depend, are directory only." 3 Sutherland, Statutory Construction (3d Ed.) 5808, p. 88; State ex rel. Arcudi v. Iassogna, 165 Conn. 203, 206. "When there is no substantial reason why the thing by statute required to be done might not as well be done after the time prescribed as before; no presumption that by allowing it to be so done it may work an injury or wrong; nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not done at all, — the courts will deem the statute directory merely." Appleton v. Outagamie County, 197 Wis. 4, 9-10. Those principles do not warrant a conclusion that the "earliest practicable time" provision is merely directory when the record before us illustrates the harmful consequences which may befall a buyer of real estate who is presumed to rely on the land records to disclose any encumbrances. "The maintenance of the effectiveness of our registry system requires that one who relies in good faith upon a record title apparently complete shall be protected against any claimed interests not *Page 570 
of record, of which he has no notice." Hawley v. McCabe, 117 Conn. 558, 564. We are not dealing with a precise time limitation expressed in days, months or years, but with a more flexible concept which would take into account any reasonable justification for delay. We conclude that the requirement that the assessment be made "at the earliest practicable time" is mandatory, at least where it is probable that substantial prejudice has resulted from failure to do so.
We may reach the same result by applying the doctrine of laches, also relied on by the plaintiff. "That exists only where there has been such a delay in the assertion of a claim as naturally to prejudice him against whom the claim is set up." Hartford v. Mechanics Savings Bank,79 Conn. 38, 41. Two elements are necessary for the defense of laches: "First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the . . . [party raising the defense]." Kurzatkowski v. Kurzatkowski,142 Conn. 680, 685. The recitals in the stipulation that the delay was a result of "administrative oversight" and that the period of delay was more than four years before the plaintiff bought the property are sufficient to establish the first element. With respect to the second element, prejudice to the plaintiff is the only reasonable conclusion to draw from the fact that he had no notice of any pending assessment for the completed sewer at the time of the purchase. In this respect the case is clearly distinguishable from Hartford v. Mechanics Savings Bank, supra, where a delay of thirty years in foreclosing an assessment lien, which had been properly recorded soon after the assessment had been made, was found not to have harmed the owner.
In arguing that the "earliest practicable time" provision of the special sewer act of Plainville is *Page 571 
merely directory, the defendant has called attention to another section of the act which provides that "[i]f any assessment shall not be valid or enforceable for any reason . . . a new assessment may be made, and the same shall be valid and enforceable."[3] Since this section is applicable only after a failure to conform to some mandatory requirement of the assessment procedure has occurred, we fail to comprehend its significance in determining whether or not a particular requirement may be treated as merely directory. We are not yet faced with the problems which may arise in attempting to utilize this enactment to cure the infirmity of the assessment before us and it would be inappropriate to comment upon them.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the appeal.
In this opinion PARSKEY and SPONZO, Js., concurred.