## A. HIMMELMAN v. D. J. OLIVER.

READVERTISEMENT FOR BIDS TO MAKE STREET IMPROVEMENTS IN SAN FRAN-
CISCO.—Under the statutes regulating street improvements in San Francisco, the
Board of Supervisors have the power to readvertise for bids where a contractor
has failed to perform the work, without repeating the steps necessary to obtain
jurisdiction.

STREET ASSESSMENTS—INTEREST.—Street assessments in San Francisco do not draw
interest.

INTEREST ON JUDGMENT FOR STREET ASSESSMENTS. — A judgment rendered for
street assessments in San Francisco draws interest from the time of its rendition.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action to recover three thousand one hundred and twenty-eight dollars and seven cents, for a street assessment in the City of San Francisco, and to enforce a lien on defendant's property as security for its payment.

The complaint alleged a compliance with all the requirements of the laws regulating the improvement of streets in that city; and that after the contract had been duly let, the first contractor failed to perform the same, whereupon the Board of Supervisors immediately, and without repeating the statutory steps to acquire jurisdiction in the premises, readvertised for bids, under which the contract was duly taken by plaintiff. The complaint claimed legal interest on said assessment from the time the same became due, and prayed that the judgment, to be recovered in said action, should bear said interest from the time of its rendition.

The defendant demurred to the complaint, on the ground that the facts therein stated did not constitute a cause of action, which was overruled, and defendant excepted. The defendant then answered over.

On the trial, plaintiff had judgment, according to the prayer of his complaint. A motion for a new trial was made, on the grounds that the Court erred in overruling said demurrer, because it did not appear from plaintiff's complaint that the Board of Supervisors had any power or

jurisdiction to contract with plaintiff—under which contract plaintiff recovered said judgment; second, that the Court erred in rendering judgment for interest on said street assessment from the time the same became due; and, third, the Court erred in rendering judgment allowing interest on plaintiff's said judgment. The motion was denied by the Court, and defendant appealed from said judgment and from the order denying said motion.

*Haight & Temple*, for Appellant.

*C. H. Parker*, for Respondent.

By the Court, SANDERSON, J. :

The only points involved in this case relate, first, to the power of the Board of Supervisors of the City and County of San Francisco, under the statutes in relation to street improvements, to readvertise for bids for street work where a contractor has failed to perform the work, without repeating the steps necessary to obtain jurisdiction; second, to the question whether street assessments, as such, draw interest; and, third, whether a judgment in an action to recover a street assessment draws interest.

The first is answered in the affirmative by the case of *Dougherty* v. *Foley*, 32 Cal. 402.

The second is answered in the negative by the case of *Haskell* v. *Bartlett* (see *post.*)

The third and last is answered in the affirmative by the first section of the statute by which interest is regulated, which expressly provides that " all moneys after they become due * * * on any judgment recovered before any Court in this State " shall draw interest, and also by the case of *Burke* v. *Carruthers*, 31 Cal. 470, where the point is directly decided.

The order granting a new trial, in accordance with the stipulation of counsel, is reversed and the Court below

directed to modify its judgment by striking out so much thereof as relates to interest upon the assessment.