GEO. DOUGHERTY, Respondent, v. THOS. S. MILLER, Appellant.

Interest on Judgments—Practice.—In modifying or affirming money judgments on appeal, it is wholly unnecessary for this Court to make any reference to the right to interest, when that subject is regulated by statute. The right to interest follows, as a matter of course, when the facts on which it depends are established.

Appeal from the District Court, City and County of San Francisco.

The case is stated in the opinion.

*Thos. S. Miller*, in *pro. per.*, for Appellant.

*R. P. & Jabish Clement*, for Respondent.

Sawyer, C. J., delivered the opinion of the Court:

In this case the findings were filed and judgment rendered on the 14th of August, 1867. It was then adjudged that there was due the plaintiff, on the street assessment in question, the sum of $3,724; that the same was a lien on the strip of land one hundred twelve and a half feet long by three feet deep, standing in the name of C. W. Miller; that said narrow strip of land be sold, and the said amount, together with the costs of the suit, and interest on said sum from the date of the judgment, be paid out of the proceeds; that said sum was not a lien on the remainder of said fifty-vara lot, standing in the name of Thomas S. Miller, the present appellant, and as to that, and said Thomas, who claimed to own it, that the action be dismissed. The plaintiff appealed from *that part of the judgment only* which discharged the portion of the lot claimed by Thomas S. Miller,

and through that portion Miller himself. The appeal in no way affected that part of the judgment which determined and adjudged the amount due to plaintiff. It only affected that part which discharged a portion of the land liable to the assessment from the lien. We reviewed the portion of the judgment appealed from, and nothing more, and directed a modification of the judgment of the Court below so as to adjudge a lien upon and direct a sale of the entire premises, or so much as should be necessary to pay the sum due. We did not, specifically, say anything about interest, nor was it necessary to do so; for if interest was due upon the judgment, that followed as a matter of course. By our modification, we did not, in any way, touch the money portion of the judgment of the District Court. We left that as it stood before, and charged the amount as a lien upon the entire lot, instead of the narrow strip standing in the name of C. W. Miller. When the case went back, the District Court, by its judgment, directed the same to be sold, and the sum of $4,119 to be paid, "being the assessment and interest thereon from the date of the filing of the findings, at the rate of seven per cent. per annum," and Thomas S. Miller now appeals, and claims that the judgment is erroneous in allowing interest. We have before seen that we did not, in any respect, touch that part of the judgment which ascertained and adjudged the amount due. The judgment of August 14, 1867, for $3,724, stood without modification. It was only directed to be charged upon the whole land as a lien. That judgment, from its date, bore interest, under the statutes then in force, at the rate of ten per cent. per annum, and it was not necessary so to state in the judgment. It followed as a consequence, under the statute making the judgment bear interest. (*Burke* v. *Carruthers*, 31 Cal. 470; *Himmelman* v. *Oliver*, 34 Cal. 246.) There can be no error in directing the land to be sold for the whole amount of the judgment, including the interest due on it, which the law itself attaches. It is said, however, that the interest was allowed at seven per cent. under the Act of 1868 (Statutes 1867-8, amending the prior statute), that this law was not in force when the original judgment was entered, and that it

was not competent for the Legislature to pass a retrospective Act which should allow interest on judgments already entered. But that Act has no retrospective operation. We have already seen that the judgment drew interest under the Act in force at the time it was entered, and the rate then was ten per cent. per annum, instead of seven—the amount directed to be paid out of the proceeds of the sale. The Court, doubtless, erred in thus limiting the amount, but the appellant has no ground for complaint. He is not injured by plaintiff's taking his order of sale in a form that limits him to a sum less than he was entitled to claim. The respondent, and not the appellant, is the party injured. It is well settled that we will not reverse a judgment for an error which cannot injure the appellant. We find no error in the judgment prejudicial to appellant.

Judgment affirmed.