A. B. McChesney *et al.*

*v.*

The City of Chicago.

*Opinion filed February 21, 1905.*

1. Special assessments—*assessment cannot draw interest unless payable in installments.* A special assessment not divided into installments but to be paid in one payment cannot be made to draw interest, since there is no statutory provision to that effect.

2. Same—*when description in an ordinance is insufficient.* Describing the water supply-pipes, fire hydrants, crosses and tees to be used in a proposed improvement as "city of Chicago standard," is not, of itself, a sufficient compliance with the statute requiring the ordinance to describe the improvement.

3. Same—*when street railway right of way is not liable to assessment.* The contract evidenced by an ordinance granting the right of way to a street railway company, whereby the company agreed, when any new improvement to the street should be ordered, to make such improvement for the width of eight feet for single tracks and sixteen feet for double tracks, applies only to surface improvements of the street, and not to the laying of water pipes.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

F. W. BECKER, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county confirmed the special assessment against the property of the appellants to pay for laying a water supply-pipe in Coles avenue, in the city of Chicago, and this appeal followed.

The assessment was not divided into installments but was to be paid in one payment, and the ordinance provided that it should bear interest "at the rate of five per cent per annum according to law until paid." Section 42 of the Local Improvement act, as amended in 1903, permits a city council to divide a special assessment into installments, not more than ten, the first installment to be due and payable on the second day of January after the date of the first voucher issued on account of work done, the other installments to mature annually thereafter, and all installments to bear interest at the rate of five per cent per annum from the date of the first voucher. (Laws of 1903, p. 103.) That section applies only to assessments which are divided into installments, and an assessment payable in a single payment can not be regarded as an installment of an assessment or within the language of the statute. There is no other provision that an assessment shall draw interest, and in the absence of statutory authority the city council had no right to require the payment of interest, which is never allowed unless given by statute. Counsel for the city say that the provision for interest may be eliminated without affecting the remainder of the ordinance, and therefore the ordinance is not void on account of that provision. Whether that would be so if the ordinance were otherwise valid will not be considered, for the reason that there are other defects in the ordinance.

213—38

The improvement is described in the ordinance, among other things, as a cast-iron supply-pipe of the city of Chicago standard, of a certain internal diameter and weight; two city of Chicago standard fire hydrants connected with the supply-pipe with iron pipe of the city of Chicago standard; one six-inch city of Chicago valve; a cross of the city of Chicago standard and a tee of the city of Chicago standard to be placed in the water supply-pipe. We decided in the case of *Washburn* v. *City of Chicago,* 202 Ill. 210, that such a description, where the ordinance does not fix any standard or make any reference to any existing thing, is on the face of the ordinance unintelligible and not in compliance with the statute. The requirement that the ordinance shall contain a description of the improvement means that it shall set forth and represent by its language what the contemplated improvement will be. The language must be such as will make known to the owners of property to be assessed, and to contractors and the court, what kind of improvement is contemplated, and if that cannot be determined from the language used there is no sufficient description, unless it is made intelligible by proof. Where, as in this case, there is no evidence as to the meaning of terms, the question must be decided from the words of the ordinance themselves. The ordinance includes, as a material part of the description, some supposed standard, which may be a test of kind, quantity, quality, value or something else, and whether established by the city or contractors or by what authority is unknown. It is not like a description by reference to a specific object or thing, as was the case in *Lanphere* v. *City of Chicago,* 212 Ill. 440, where the ordinance described the iron covers of catch-basins of a certain weight as being of the same size and pattern as those used in new work by the city of Chicago during the year 1902. A description by reference to a definite object or thing is, on the face of it, definite. There is no doubt or uncertainty in the description of property by reference to a stone or other fixed monument, and if

any uncertainty exists it only becomes manifest upon proof. If a pipe or hydrant is to be exactly like another pipe or hydrant pointed out in the ordinance in the vicinity where the improvement is to be made, the description is sufficiently definite. On the face of this ordinance there is no sufficient description of the improvement.

It is also objected that the right of way of the South Chicago City Railway Company should have been assessed. The ordinance granting the right of way to that company provided that it should pave and keep in good condition and repair all streets in which its tracks should be laid, eight feet in width where there was a single track and sixteen feet where there were double tracks, and when any new improvements to said streets or parts of streets should be ordered by the city council, the company should, in the manner required of property owners, make such improvements for the width of eight feet where a single track should be laid and sixteen feet where double tracks should be laid. A proceeding for the purpose of improving a street may include other than surface improvements, (*Town of Cicero* v. *Green,* 211 Ill. 241,) but in this case the contract clearly relates only to surface improvements for the width of eight feet where there is a single track and sixteen feet where there are double tracks. The obligation assumed does not include a water supply-pipe laid under the surface, and in this case it is to be laid on one side and apparently not within the width limited by the ordinance granting the right of way.

Another objection is that a certain lot was not assessed. The evidence was that it would not be benefited. It had a frontage of two hundred and eighteen feet on another street and was already furnished with a water supply, while the depth on Coles avenue was such that there would be no benefit.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*