JOHN A. WALSH ET AL. *vs.* JUSTUS J. BARTHEL, COL-
LECTOR, ET AL. (THE CITY OF STAMFORD).

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH
WHEELER, Js.

The charter of the city of Stamford, § 43, by reference to §§ 42, 38 and 40;
see also § 48 (12 Special Laws, pp. 205, 206, 11 id. pp. 814-816, 820),
provides that a sewer assessment shall become due and payable
thirty days after notice to the landowner of such assessment, "and
shall bear legal interest from and after the time when the same shall
become due and payable." General Statutes, § 2052, which was
originally passed before, but was re-enacted in the revision of the
statutes after, the passage of the city charter, provides as to public
improvement assessments in general that "neither the principal
of such assessment nor any interest thereon shall be collectible"
until such "improvement shall have been completed and the fact
of such completion recorded." *Held* that this section of the stat-
utes, if it has any effect at all upon assessments laid under the
Stamford charter, merely postpones the time for collection of the
assessment, and does not prevent the running of interest on it.
Accordingly, a tender of the amount of an assessment, plus the expense
of imposing a lien, but without interest, made eight months after
notice of the assessment, but before completion of the sewer, is
insufficient to discharge the lien.

Submitted on briefs April 18th—decided July 19th, 1912.

ACTION to have certain sewer assessment liens ad-
judged invalid and of no effect, and for damages for
failure to discharge said liens on demand and after ten-
der of the principal of said liens and the cost of recording
them, brought to and reserved by the Superior Court in
Fairfield County, *Case, J.*, upon an agreed statement of
facts, for the advice of this court. *Judgment advised for
defendant City of Stamford.*

*John A. Walsh* and *Edward J. Kenealy*, for the plain-
tiffs.

*Homer S. Cummings, Charles D. Lockwood* and *Adelbert A. Skeel,* for the defendants.

RORABACK, J.   The plaintiffs, in December, 1910, owned three pieces of real estate-in the city of Stamford. The city, on December 24th, 1910, assessed this real estate for benefits arising from the proposed construction of a public sewer "in front" of the plaintiffs' real estate.   Notice of these assessments was duly given by publication in the Stamford Advocate on December 28th, 29th, and 30th, 1910.   The total amount of the plaintiffs' assessment was $790.42.

February 27th, 1911, the defendant Barthel, collector of taxes and assessments for the city, filed certificates of lien on the plaintiffs' real estate, in the office of the town clerk, to secure payment of these assessments, with interest and lien charges thereon.   April 3d, 1911, the city began the construction of the sewer, which was in the process of construction when this action was commenced.   September 19th, 1911, the plaintiffs made a tender to the collector of the amount of these assessments, with the charges for filing the liens.   Barthel, the collector, refused to accept this tender in full payment of these assessments, and claimed that the amount then due was the principal of the assessments, with charges for filing the liens, and, in addition thereto, interest on the amount of the assessments from January 29th, 1911, to the date of the tender.   After making a demand that the liens be discharged of record, the plaintiffs brought this action.

The parties ask the advice of this court upon the following questions:  Whether the city has the right to collect interest on these assessments?   If there is such a right, from what date the interest begins to run, and at what rate?

The plaintiffs contend that there is no public statute,

or provision in the charter of the city of Stamford (11 Special Laws, p. 797), authorizing it to collect interest. The charter of the city of Stamford contains the following provisions in regard to assessments: A part of § 43 as amended by § 6 of the Special Laws of 1895 (Vol. 12, pp. 205 and 206), authorizes and empowers the common council to lay out, build, maintain, and repair sewers, and "to assess the expense thereof, or such part thereof as said common council shall deem just and reasonable, upon the property abutting upon the streets and highways through which such sewers or drains are laid, and which may be benefited thereby, and in such proportion to the benefits by such property received therefrom, subject to the same notice, manner of assessment, and appeal therefrom, as provided in section forty-two concerning paving. . . . It shall proceed in the same manner as is provided in section thirty-eight in case of the layout of highways, both as to the layout of said sewer or drain, and the assessment of damages and benefits resulting therefrom."

The charter (11 Special Laws, p. 817, § 42), relating to assessments for the expense of paving streets and highways, in part directs that "such assessment shall be made in the manner provided in section thirty-eight so far as the same shall apply."

That part of § 38 of the charter (11 Special Laws, pp. 814 and 815) material here, provides that the clerk of the city shall cause a notice, signed by the mayor or clerk of said city, containing the names of the persons assessed, "with the amount of their respective assessments, to be published not less than three times in a newspaper published in said city, and a similar notice to be given as hereinbefore provided to each of said parties therein named, and said assessment shall become due and payable thirty days after date of said notice."

Section 40 (11 Special Laws, p. 816), relating to liens,

so far as material to be recited here, provides that assessments of benefits, made as described in §§ 37 and 38, shall be and remain a lien or incumbrance upon the land and other property upon which they are made; and "said assessment shall be collected by warrant under the hand of the mayor, in the same manner as town taxes are collected, and shall bear legal interest from and after the time when the same shall become due and payable."

General Statutes, § 2052, provides that "when any assessment has been or shall be laid by any town, city, borough, or other municipal corporation, upon private property benefited by any public work or improvement, for the expense of such public work or improvement, or for benefits accruing therefrom, and a certificate of lien upon such property has been or shall be lodged for record with the town clerk, neither the principal of such assessment nor any interest thereon shall be collectible by such municipality until such public work or improvement shall have been completed and the fact of such completion recorded on the record books of such municipality by order of the board or officers by whom such work or improvement was ordered."

This statute was passed in 1883, re-enacted in the same terms in the Revision of 1888, and again re-enacted, without change, in the Revision of 1902. It recognizes, by implication at least, the right to collect interest upon such assessments, where a lien has been filed. *Sargent & Co.* v. *Tuttle*, 67 Conn. 162, 168, 34 Atl. 1028.

It clearly appears from §§ 38 and 40 of the charter that the Legislature intended that assessments for the expense of making and maintaining streets and highways should become due and payable thirty days after the publication of the notice of assessment; and that they should bear legal interest from and after that time. Section 43, relating to sewers, in part provides that the

municipality "shall proceed in the same manner as is provided in section thirty-eight" as to assessments of benefits and damages concerning streets and highways.

Section 39 provides a method of appeal for any person aggrieved by the assessment of benefits, or appraisal of damages, under § 38. The appeal must be brought within thirty days after notice of the assessment. The return day must not be more than twenty days after the date of the appeal. A judge of the Superior Court may determine what assessments may be made, and an execution shall issue for the amount of the assessments so fixed, whether or not the improvements are completed.

Section 43, in connection with the several provisions of the charter herein noticed, justifies the conclusion that it was the intention of the legislature to confer authority upon the city of Stamford to collect interest upon assessments made for the construction of a sewer. This view is further supported by § 48 of the charter, which provides that all amounts due the city as special benefits under the preceding sections shall have the same validity and effect, and be enforced in the same manner, as provided in § 40 of the charter.

General Statutes, § 2052, does not prevent the running of interest before the improvement, for which the assessments were made, is completed. At the most, it prohibits the collection of principal or interest before that time. If this statute has any bearing, it merely postpones the time for collection. Its plain and obvious purpose was not to confer power to collect interest on such assessments where it did not already exist, but to prevent municipalities from collecting any part of the assessed benefits until such benefits had been conferred by the completion of the public work. *Sargent & Co.* v. *Tuttle*, 67 Conn. 162, 169, 34 Atl. 1028.

The Superior Court is advised that the defendant city is entitled to collect interest at six per cent. on the

principal sum of the assessments in question, from January 29th, 1911, to the date of the tender, September 19th, 1911.

In this opinion the other judges concurred.