(77 South. 60)

CITY OF BIRMINGHAM v. COLLINS.

(6 Div. 287.)

(Court of Appeals of Alabama. June 26, 1917. Rehearing Denied Nov. 13, 1917.)

1. MUNICIPAL CORPORATIONS ⬟508(2) — TIME FOR APPEAL—SPECIAL ASSESSMENTS.

Code 1907, § 1399, providing for appeals by municipalities in special assessment cases, is limited by Acts 1915, p. 711, requiring appeals to be taken in six months, and not by Code 1907, § 1396, requiring property owners to appeal in special assessment cases within 30 days.

2. MUNICIPAL CORPORATIONS ⬟506 — SPECIAL ASSESSMENTS—INTEREST.

A city levying an excessive assessment on property is not entitled to interest on the proper assessment previous .to the date of the jury's verdict fixing said proper assessment.

Appeal from City Court of Birmingham; H. A. Sharpe, Judge.

Action between City of Birmingham and H. W. Collins. From a judgment, the city appeals. Affirmed.

Certiorari denied 201 Ala. 479, 78 South. 385.

M. M. Ullman and W. A. Jenkins, both of Birmingham, for appellant. Richard H Fries, of Birmingham, for appellee.

BRICKEN, J. [1] There are two questions presented by this appeal for decision. The first arises on the motion of the appellee to dismiss the appeal upon the ground that it was not taken within 30 days from the rendition of the judgment by the trial court. This motion is predicated upon the time fixed by section 1396 of the Code of 1907, which provides for an appeal by the property owner, and expressly limits the time to 30 days within which the appeal must be prosecuted from the date of the rendition of the judgment. It is entirely clear from the reading of that section that no appeal could be prosecuted under it by the municipality. It is therefore inapplicable here, where the appeal is by the city of Birmingham. Section 1399 of the Code of 1907 makes provision for an appeal by the municipality, but contains no limitations as to the time within which such appeals must be taken. It was not, of course, the purpose of the Legislature to accord to the municipality unlimited time to prosecute its appeal. So then the question is whether the respective limitation found in section 1396 of the Code of 1907, or in the Acts of Alabama 1915, p. 711, controls. As section 1396 of the Code deals only with appeals by property owners, the 30-day limitation in it cannot be looked to as prescribing the time within which a municipality must prosecute its appeal. The limitation found in the Acts of 1915, supra, to further prescribe and regulate the right and manner of taking appeals in civil and criminal cases, and their submission in the Supreme Court and Court of Appeals, of six months, is the one applicable here. As the appeal was taken within six months from the date of the rendition of the judgment of the court below, the motion to dismiss the appeal must be denied.

[2] This brings us to the consideration of the second question, namely, whether the appellant is entitled to interest upon the assessment made by the city authorities which exceeded that fixed by the jury in this case. In other words, the contention here made is that, notwithstanding the assessment made by city authorities was incorrect and excessive, the jury should have been instructed to award interest upon the amount found by them from the date the assessment was made by the city authorities. The trial judge entertained the view that the city was not entitled to interest unless the original assessment made by the city authorities was correct, and so instructed the jury. In this there was no error.

Under the statutes authorizing the municipality to require the property owner to pay the amount of benefits to his property by reason of the improvements of the street by the city, the duty was imposed upon the municipal authorities to ascertain whether the property was benefited by the improvements, and the correct amount of such benefits. This was preliminary to any right of the municipality to demand of the appellee any sum of money by reason of the improvement made by the city. The failure of the city authorities to ascertain correctly the amount by which the appellee's property was benefited resulted in not putting him in default by his failure or refusal to pay.

The appellee could never be in default until a correct assessment of the benefits to his property by reason of the improvements was ascertained. In the instant case, the amount of those benefits was not correctly ascertained by the municipal authorities, and it was not until the jury trying this case ascertained that amount, that he could be called upon to pay. In short, he was never in default, and, until default, he could not be required to pay interest. There appearing no error in the record, the judgment of the lower court will be affirmed.

Affirmed.