[No. 14056.    Department One.    October 17, 1917.]

Lewis Shmuck *et al.*, *Respondents*, v. H. H. Wheeler,
*Treasurer of Whitman County*, *Appellant.*[1]

Municipal Corporations — Improvements — Assessment—Interest. Local improvement assessments in cities of the third class charged by ordinance with interest at 6 per cent and a delinquent penalty of 5 per cent "together with such additional charges or penalties as are authorized to be collected upon other delinquent taxes," cannot be subjected to the 15 per cent charge applicable to general taxes; in view of Rem. Code, § 7892-24, authorizing interest at a rate not to exceed eight per cent and a penalty of not less than five per cent, and Id., § 7892-71 expressly repealing the former law which provided for the certification of a 15 per cent penalty; the 15 per cent attaching to general taxes after delinquency being interest and not a penalty.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered November 3, 1916, in favor of the plaintiffs, in an action for a writ of mandamus to compel a county treasurer to accept a certain rate of interest on a delinquent local improvement assessment.    Affirmed.

*R. M. Burgunder* (*S. R. Clegg,* of counsel), for appellant.
*U. L. Ettinger*, for respondents.

Morris, J.—This appeal submits the question of the rate of interest properly chargeable on delinquent local improvement assessments in cities of the third class after the same have been certified to the county treasurer for collection.

Prior to the local improvement act of 1911, the law governing matters of this kind was chapter 26, of the Laws of 1909, p. 38; section one of this act providing that, whenever any local improvement assessments should become delinquent, the city treasurer should certify the same to the county treasurer, who should enter the assessment, together with any costs, interest, or penalties on the general tax rolls of the county against the land affected, and the amount should

[1]Reported in 167 Pac. 1126.

thereafter draw interest at the rate of fifteen per cent per annum. In 1911, the legislature enacted chapter 98 of the laws of that year—a complete local improvement act, § 24 (p. 456) of this act providing in part as follows:

"Any city or town shall prescribe by ordinance within what time such assessments, or installments thereof, shall be paid; and shall provide for the payment and collection of interest thereon, at a rate not to exceed eight per cent per annum. Assessments, or installments thereof, when delinquent, in addition to such interest shall bear such penalty not less than five per cent as shall be by general ordinance prescribed. Interest and penalty shall be included in, and shall be a part of, the assessment lien. All local assessments becoming a lien upon any property in any city or town after this act shall become effective, shall be collected by the treasurer of such city or town, and all such liens shall be enforced in the manner herein prescribed; Provided, That in cities and towns other than cities of the first class, delinquent assessments or delinquent installments thereof, shall be certified to the treasurer of the county in which such city or town is situate and by him entered upon the general tax-rolls and collected as other general taxes are collected." Rem. Code, § 7892-24.

Section 60 (p. 477) of this act provides:

"The council of each city and town shall pass such general ordinance or ordinances as may be necessary to carry out the provisions of this act. Thereafter all proceedings relating to local improvements shall be had and conducted in accordance with this act, and the ordinances of such city or town relating to local improvements." Rem. Code, § 7892-60.

In § 70 (p. 480) is found:

"Any acts or parts of acts herein repealed, which are reenacted in form or in substance in this act shall not be construed as new enactments but as continuations and amendments of such acts or parts of acts." Rem. Code, § 7892-70.

Section 71 (p. 481; Rem. Code, § 7892-71) repeals all acts and parts of acts enumerated in a following schedule, which includes chapter 26, Laws of 1909.

Colfax, a city of the third class, under the authority granted in § 24 of the act of 1911 (Rem. Code, § 7892-24) passed ordinance No. 386, providing for a delinquent rate of five per cent in addition to the rate of interest provided for in the improvement bonds, providing further for certification to the county treasurer after delinquency, to be by him collected, "together with such additional charges or penalties as are authorized to be charged and collected upon other delinquent taxes." The city ordinance under which the improvement in question was undertaken fixes the interest upon the annual installments at six per cent. The respondent, contending that, under the Laws of 1911 and the city ordinance, the interest to be paid on delinquent assessments, after certification to the county treasurer, was six per cent, the interest borne by the annual installments, and five per cent, the penalty fixed by ordinance No. 386, tendered that amount to the county treasurer. The tender was refused, the county treasurer demanding fifteen per cent on the amount of the delinquent assessment from the time of its certification. Thereupon this action was brought, resulting in an order directing the county treasurer to accept the tender.

The act of 1911 clearly repeals chapter 26 of the Laws of 1909. It initiated a new procedure; instead of the general provisions relating to interest on delinquent assessments, it provided that any city or town might prescribe, by ordinance, a penalty of not less than five per cent upon delinquent assessments. This delegation was accepted by Colfax in fixing the penalty at five per cent in ordinance No. 386. The provision of § 24 in the phrase "collected as other general taxes are collected" is only a provision relating to the manner of collection, and not authority for adding the fifteen per cent interest borne by delinquent general taxes; neither does § 70, construed as a saving clause, continue § 1 of chapter 26 in force with its provision for the imposition of fifteen per cent interest. Section 24 of the act of 1911 is a reenactment in substance of a part of § 1 of the act of 1909 and, as such,

must undoubtedly be accepted as an amendment to the like provision of § 1, leaving out the general provision for the collection of fifteen per cent after certification to the county treasurer, and substituting therefor the provision that each city or town might, by ordinance, provide for a penalty of not less than five per cent to be borne by delinquent assessments, not limited to the time preceding certification, but including all time after the period of delinquency. It is evident that, by providing for interest not to exceed eight per cent and a penalty of not less than five per cent, the legislature had the question of interest and penalty in mind, and in not incorporating the provision for the fifteen per cent interest after the certification in the amended section, acted advisedly with the intent that the additional fifteen per cent should no longer be provided for by law. Neither is the collection of fifteen per cent interest justified under ordinance No. 386, providing for the collection by the county treasurer of the six per cent plus the five per cent, "together with such additional charges or penalties as are authorized to be charged or collected on other delinquent taxes." The fifteen per cent interest attaching to general taxes after delinquency is interest and not a penalty. *New Whatcom v. Roeder*, 22 Wash. 570, 61 Pac. 767.

Judgment is affirmed.

ELLIS, C. J., CHADWICK, MAIN, and FULLERTON, JJ., concur.