(78 South. 385)

CITY OF BIRMINGHAM v. COLLINS.
(6 Div. 716.)

(Supreme Court of Alabama. March 23, 1918.)

1. MUNICIPAL CORPORATIONS ⊙⟹511(2)—SPECIAL ASSESSMENT PROCEEDINGS — APPEALS BY CITY—"ALSO."

The word "also" in Code 1907, § 1399, providing that city may appeal in special assessment proceedings, means "likewise," and refers to section 1396, and gives the city only 30 days in which to take an appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Also.]

2. CERTIORARI ⊙⟹28(2)—MATTERS REVIEWABLE—JURISDICTION.

Although in ordinary cases an appellee should have sought a review by the Supreme Court of the overruling of a motion in the Court of Appeals to dismiss the appeal, the Supreme Court will consider such matters on certiorari by the appellant to review the subsequent judgment in the appellate court, where it goes to the jurisdiction of such court, and the revision by the Supreme Court of a void judgment.

Certiorari to Court of Appeals.

Petition for certiorari by the City of Birmingham to review the opinion of the Court of Appeals in the case between the City of Birmingham and H. W. Collins (77 South. 60), affirming a judgment against the city. Writ denied.

M. M. Ullman and W. A. Jenkins, both of Birmingham, for appellant. Richard H. Fries, of Birmingham, for appellee.

ANDERSON, C. J. This cause was submitted to the Court of Appeals upon motion to dismiss the appeal because not taken within 30 days, as provided by section 1396 of the Code of 1907, and on the merits. The Court of Appeals denied the motion to dismiss the appeal, holding that the time limit fixed by said section 1396 applied only to the property owner and not to the city, that section 1399 gave the city the right to appeal, and as it fixed no time for an appeal as to the city it was governed by the general statute of six months, thus, in effect, holding that the property owner must appeal within 30 days, but the city could do so any time within 6 months.

[1] Section 1396 of the Code of 1907 gives any person interested in the property the right to appeal to the Supreme Court within 30 days. Section 1397 provides how the appeal shall be heard. Section 1398 provides for interest in case of an affirmance. Then comes section 1399, which says, "The city or town may also appeal from any decree," etc., without giving bond. These sections were enacted at the same time and bear upon the same subject, and should be considered in pari materia. Not only were they adopted at the same time, but were all included in one section of the original enactment, being divided into different sections in the Code as a mere matter of convenience. Acts 1907, p. 790, § 133. We think that the word "also" as used in section 1399, means "likewise," "in like manner," "in the same manner," as provided by section 1396, with the exception, as set out in said section 1399, that the city could appeal without bond. 2 Corpus Juris, 1164, and notes; Webster's Dict. It is therefore evident that the Legislature did not intend to limit the property owner to 30 days and give the city 6 months, but provided that the city could likewise appeal; that is, within 30 days as fixed by section 1396.

[2] The Court of Appeals, after declining to dismiss the appeal, decided the case upon the merits, and which was favorable to the appellee. The appellant then applied to this court for the writ of certiorari to review the opinion of the Court of Appeals; and, as this court was not in accord with said holding, the writ was awarded. The appellee now applies for a rehearing, as he has the right to do, suggesting that the appellant's appeal should have been dismissed, and that the Court of Appeals has no jurisdiction to render the judgment revised by this court upon the certiorari; that it was coram non judice. Generally speaking, the appellee should have sought a review by this court of the action of the Court of Appeals in overruling his motion to dismiss the appeal, and in ordinary cases the point would not be considered at this stage of the proceedings; but, as it goes to the jurisdiction of the Court of Appeals and the revision by this court of a void judgment in the Court of Appeals, we must notice the same and deny the appellant the writ, which seeks to revise a void judgment and not to quash the same.

We assume that the Court of Appeals will, of course, make the proper order of dismissal and withdraw the original opinion, as the case is still in fieri.

---

[1] 200 Ala. 535.

The rehearing is granted, the award of the writ is set aside, the former opinion is withdrawn, and the writ of certiorari is denied.

Writ denied. All the Justices concur.