(118 So. 467)

**STOVALL v. CITY OF JASPER.  (6 Div. 50.)**

Supreme Court of Alabama.   June 28, 1928.

Rehearing Denied Oct. 25, 1928.

---

D. A. McGregor, of Jasper, for appellant.

Chas. R. Wiggins and W. C. Davis, both of Jasper, for appellee.

THOMAS, J. The authority of a municipality as to paving assessments, etc., is given expression in General Acts 1907, p. 790, §§ 1–201, as amended as to sections 23, 36, 38, 53, 63, 81, 120, 126, 78, and addition of 94½, 107½, 137½, 139½, 76½, by Acts of 1909, p. 197, Code 1923, §§ 2174, 2178, 2179, 2188, 2209; Code of 1907, § 1365. We have indicated the sufficiency of such municipal proceedings as pleading, and under the statutes and authorities the same are made prima facie

evidence of the correctness of the amount of the assessment so made and apportioned as against the property abutting on the highway, etc., to the extent of the increased value of such property by reason of the special benefits derived from such improvements by the owner. And the authority and mode of procedure by the municipality, in the premises, are discussed in City of Birmingham v. Wills, 178 Ala. 211, 59 So. 173, Ann. Cas. 1915B, 746; Garner v. Anniston, 178 Ala. 430, 59 So. 654.

This is the second appeal. 215 Ala. 300, 110 So. 317. It involves the validity of certain separate assessments of street paving costs made on West Nineteenth street west of Town Creek bridge and east of the property line of Fifth avenue and east of town, assessed against lots 6 and 15 in block 192 in the city of Jasper, and owned by appellant, Stovall. The assessments against the two lots are "tried as one" by agreement of counsel.

In the former trial, the assessment against property under Street Improvement Ordinance No. 4 was also included or consolidated, but is now sought to be eliminated. In other respects and agreement of the parties, with the consent of the court, it is as on former appeal.

In accordance with the former ruling of this court (215 Ala. 300, 110 So. 317) appellant, on last trial, withdrew objections to the validity of Improvement Ordinance No. 1 as affecting lots 6 and 15.

■ There was no error in admitting, in evidence on appeal to the circuit court, the transcripts on appeal by appellee, as sufficient pleadings and prima facie evidence of the correctness and amount of assessments. Stovall v. City of Jasper, 215 Ala. 300, 110 So. 317. And constructions of Code, §§ 2207–2209, are Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; Cox v. Birmingham, 214 Ala. 584, 108 So. 625; Ex parte City of Florala, 216 Ala. 351, 113 So. 312.

■ The approved ordinance in question was not indefinite as to material to be used, and was not of "other approved material" as was the ordinance considered in Garner v. Anniston, 178 Ala. 430, 59 So. 654. The instant ordinance provided that said Nineteenth street "shall be paved with sheet asphalt, asphaltic concrete or bitulithic pavement, together with such sidewalks, walls or curbing, drainpipes, storm inlets, manholes or other work pertaining to the satisfactory construction of said pavement"; that is, it was definite, or became effective and definite by the coming in of the alternate bids and the selection and approval by the duly constituted authority of the city. Schwend v. City of Birmingham, 215 Ala. 491, 111 So. 205; Sanders v. City of Troy, 211 Ala. 331, 100 So. 483. The court correctly overruled the defendant's motion to abate the assessment as shown by the transcript on file.

The case was reversed on first appeal, for the reason that, over defendant's objection, the municipality was permitted to offer evidence of other building in the vicinity and opening of other streets after the improvement; held inadmissible on the question whether paving assessment was in excess of the increased value by reason of the special benefits derived from such improvement of the property as provided for in sections 23, 223 of the Constitution. Sections 2174, 2180, 2199, 2209, Code of 1923.

■ Appellant insists that the transcript filed shows that the city advertised and received bids under Ordinance 1, and so made improvements, and that the estimated cost of same on Nineteenth street was stated as being $18,000; the general bid on the frontage or yardage basis, or so much per, was for the whole work on this and other streets at $69,206.25. The motion to abate the assessment, for the alleged reason that it failed to designate what part of the cost would be applicable to Nineteenth street under Ordinance No. 1, was overruled by the court. The estimate was separate from other streets, whatever the character of material specified and employed; the bid for construction of the respective street improvements in said municipality was made on the *unit price basis*, and the elements of construction bid on (and adopted), for which the respective assessments were made, were definite as to appellant's said property, and were in compliance with the initial ordinance. A competent engineer, from the profiles and other data on file with the city, could reasonably estimate the specific cost of the improvements on said street as related to the original approximation of street improvements and costs thereof, for information of parties in interest, as provided by statute. Sections 2176–7; City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Schwend v. City of Birmingham, 215 Ala. 491, 111 So. 205; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; Stovall v. City of Jasper, supra. The final selection of the different kind or character of pavement may be postponed until the bids shall have been received. Acts 1909, p. 207, § 126; Code, § 2180.

■ The effect of section 2180 of the Code is to include certain necessary and incidental expenses of the nature and character indicated. The "incidentals" included in the assessment on the whole improvement on Nineteenth street, as stated in the itemized assessment and apportioned to the abutting lot of appellant, were $97. Appellant's motion was to strike the item on the ground that defendant was entitled to be informed of the expense of the improvement, and may know whether the assessment against his lot was correct. It is insisted that the manner employed in the itemized assessment was improper and contrary to law. The motion was overruled; exception reserved. A statement by the court

to counsel was to the effect that the substance and constituent elements of that item may be made the subject of inquiry on the trial as a material or pertinent fact. If the inclusion of the item of incidentals was to embrace illegal items or charges, does it follow that there was no proper assessment (section 2119, Code) under the improvement ordinance against appellant's properties?

Counsel being so informed by the court, that the several elements or services for which compensation was made as an incident of the improvement may be inquired into on the trial, proved by witness R. L. Totten that the several items of expense thus included were:

Incidentals, $1,366.31 at .0713243.................. $97 46
\*   \*   \*   \*   \*   \*   \*   \*   \*
Final Assessment Improvement Ordinance No. 1.

Incidental expenses:
Engineering, 5 per cent. of $24,586.56......... $1,229 33
Attorney's fee, 1 per cent. of $24,586.56...... 245 87
Inspection cost, 6,012.1 square yards paving
    at 3½ per cent.............................. 210 42
Printing ordinances .......................... 28 00
Estimate cost of printing assessment or-
    dinance ................................... 40 00
                                         ————
    Total incidental expenses................. $1,753 62

Amount of final estimate, $24,586.56.
Incidental rate, $0.0713243.

This was apportioned to the properties of the several owners, and of this the sum of $97.46 was included in the itemized assessment under ordinance to the lots of Dr. Stovall.

Thus we are brought to a construction of sections 2180, 2199 as to attorney's fees as a part of the cost of said improvement, that may be embraced in the assessment made against the property as a lien on the respective lots or parcels of land under the statute. The case of Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264, is not in point, as the question was not presented on the effort for a reassessment to meet shortage or shrinkage as payment of pavement bonds issued. The decision in Weakley et al. v. Henry, 204 Ala. 463, 86 So. 46, is not applicable. It was a mandamus to compel payment of the legitimate expense of administering by the government of the county the matter of the proceeds of bonds for the purpose of highway improvements, which embraced its contract for brokers and attorneys to procure the sale of these bonds. The question under like statute in Code of 1907, § 1365, now being considered, was held not presented in Henderson v. City of Enterprise, 202 Ala. 277, 281, 80 So. 115. In Langstaff v. Town of Durant, 122 Miss. 471, 84 So. 459, attorney's fees were rejected as an item of improvement and assessment against adjacent property of the owner. The Mississippi statute authorized that "the cost of the work be assessed against the owner," etc.

Looking to the statute of this state, codified as section 2180, Code of 1923 (section 1365, Code of 1907), the words employed are subject to the ejusdem generis rule. State v. W. U. Tel. Co., 196 Ala. 570, 72 So. 99. The statute is:

"The council may pay out of the general funds of the city or town, or any special fund that may be provided for the purpose, such portion of the cost of the proposed improvement as they see proper. The cost of any improvement contemplated by this article shall include the expense of the preliminary and other surveys, and the inspection and superintendence of such work, printing and publishing the notices, resolutions, and ordinances required, including notice of assessment, the cost of construction, preparing bonds, interest on bonds when the bonds have been issued in anticipation of the collection of the assessment, and any other expense necessary for the completion of such improvement."

The use of the words, "preparing bonds," and "other expense necessary for the completion of such improvement," had not the meaning under the ejusdem generis rule, State v. W. U. Tel. Co., supra, and do not embrace or authorize a commission on contract price to a city attorney.

■ And the item of attorney's fees on the whole amount of the improvement, should have been eliminated from the assessment, for the further reason, as to Mr. Cooner, that the Political Code, §§ 1996, 1998, provides that the compensation or emoluments of any municipal officer, whose election or appointment is required or authorized by article 24 of chapter 43, p. 1059, may not be increased or diminished during the term for which he shall have been elected or appointed, and no gratuitous appropriation shall be made by the municipality in addition to the salary or compensation fixed. During the incumbency in office of Mr. Cooner, the contract for the pavement was made of date of May 14, 1920, under preliminary ordinance adopted during the term of Mr. Cooner as city attorney. The contract of Mr. Wiggins as city attorney was, according to his evidence, in the fall of 1920. He represented the city generally for a retainer of $50 per month, and, as to the pavement work under the former ordinances and contract, he states:

"I made a proposal to the council, which was accepted by them, that they would pay 1 per cent. of the cost of these improvements for the necessary legal work connected with the improvements."

This charge as attorney's fees is against public policy and not within the provisions of section 2180 of the Code. The objection and exceptions reserved to the question permitted by Mr. Cooner, of the proper or reasonable attorney's fees for such a service, introduced immaterial matter, and confused the issues of fact, and constituted reversible error.

■ The inclusion of an illegal item or charge in an assessment, if it can be eliminated, would only go to and affect the

amount of the assessment. The general rule is the inclusion of an improper item invalidates an assessment, unless the item is of a nature that it may be separated from those properly included. 28 Cyc. p. 1154, and notes. In this assessment, as it is itemized, the incidentals of $97.46 are separated from the general assessment of $1,366.31 and added thereto. This had not the effect of invalidating the assessment or destroying the lien for the items charged that were proper and legal. The addition of incidentals was not a "fundamental" but a "technical defect." The distinction is indicated in City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58. And the addition of the charge for incidentals, embracing attorney's commission, may be eliminated without destroying the integrity of the assessment.

The fundamental or initial ordinances for the pavement in Jasper were for the several streets or public highways, and were numbered from 1 to 8, inclusive. The bid by contractors for this pavement was on the *unit price basis*, and was accepted by that municipality, and embraced the pavement on Nineteenth street and Fifth avenue on which appellant's lot (15) or lots (6 and 15) fronted.

■ At the trial it was sought by appellant to show that plaintiff was seeking to levy an additional assessment of $1,286.64 for paving, at the same time, on Fifth avenue adjacent to lot 15. The reason for this evidence, stated by appellant's counsel, is:

"The constitutional requirement that no assessment for improvement can be made against the property of the owner without it being shown that the special benefits accruing to the property amount to that assessment, and if the cost of the improvement is greater than the assessment you can't tax it; that not only this burden which they seek to place under ordinance on Nineteenth street, but they are also seeking to attach an additional burden on Fifth avenue under Ordinance No. 4."

The pertinent inquiry as to the appellant's lot and the city's effort in behalf of the assessment of costs of pavement was the effect of the proposed local assessment for public improvement, as a special benefit upon the property derived from the public improvement *increasing its value, relieving it from burdens, or making it more especially adapted to a purpose which enhances its value.* Stovall v. City of Jasper, 215 Ala. 300, 302, 110 So. 317; 1 Page and Jones on Taxation by Assessment, § 284, and note. And to that end was the action of the proper executive authority of the municipality, under sections 2180, 2199, of the Code, in fixing the amount of the assessment against each lot or tract of land described in the *assessment roll*, required by law to be made and to show the name of the property owner, description of the lot, and the amount proposed to be assessed against each parcel. Section 2190,

Code. When this is done, it has the force and effect of a lien on the respective parcels or lots of land, Bailey v. Levy, 213 Ala. 80, 104 So. 415; the confirmation of the assessment as a whole by the municipal body with authority in the premises, to apportion to abutting property to the extent of increased value by reason of special benefits derived from the improvement. The pavement costs on the other side or alongside of lot 15 under one contract per ordinances 1 and 4, were not competent and material evidence for the jury in arriving at the proper assessment. The difficulty of arriving at the fact vel non of "special benefits derived from such improvements," or "extent of the increased value," etc., does not render competent as to the other pavement.

■ The omission of an entrance walk affected Dr. Stovall's ingress and egress, though the other side was not competent evidence for him as to his liability on the front pavement. It was held not to defeat the lien for the completed unit in Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325. The necessity for such expenditure and its reasonable cost thereof may be considered on the question of his damage or special benefits, or in the reduction of the assessment on that side of his lot.

■ There was no error in asking the witness Roquemore of the characteristics of such pavement; namely, the small cracks that appear therein. It was a jury question. The witness, if qualified, could give his knowledge and observation of such pavement. This was in answer to evidence tending to show insufficient construction or deterioration by way of cracks thereafter appearing in the pavement as laid abutting appellant's parcels of land sought to be assessed.

■ Assignments of error are rested upon objections and exceptions reserved as to the manner of proving special benefits under the law, by way of the market value before and after the improvement, etc. In City of Tuscaloosa v. Hill, 194 Ala. 559, 561, 69 So. 598, 599, the court, through Mr. Chief Justice Anderson, said of the necessity of distinguishing between general and special benefits and the making of this proof:

"Special benefits were inserted for some purpose, and it is evident that the assessment cannot be predicated upon a general enhancement of the value of the property, the difference in the market value before and after the improvement, regardless of a special benefit to the owner resulting from said improvement and which increased the value of the property. This holding not only gives force and effect to the plain and unambiguous language of section 223 of the Constitution, but is in conformity with the leading authorities and text-writers on the subject of special assessments. Dillon on Municipal Corporations, vol. 4, p. 2553; Page & Jones on Assessments, vol. 2, §§ 654 to 702; McQuillin on Municipal Ordinances, § 522."

It was permitted in City of Huntsville v. Pulley, 187 Ala. 367, 374, 65 So. 405, and Hood v. City of Bessemer, supra, to show the value of the special benefits by reason of the improvements in question, by allowing the witness to testify *to the value of the specific property before and after the improvements,* such evidence to be considered with *all the other evidence or matters contributing* to the increase or diminution of its value by reason of the improvements. And this did not mean that the inquiry was not required to be confined to the value of the property against which costs are assessed by reason of special benefits derived from the improvements, for that, under the Constitution, § 223, it must be so confined and may ·not be extended to the *general increase in property values at such locus in quo and time, by reason of the work being done.* This observation will suffice for the inquiry on the question to be made at another trial. Cox v. City of Birmingham, 21 Ala. App. 341, 108 So. 622; Id., 214 Ala. 584, 108 So. 625.

The power delegated to municipalities to assess the cost of public improvements against the property benefited and within the class is a legislative taxing power, under constitutional limitations as we have indicated. Constitution, § 223. The assessment shall not exceed (1) the costs thereof or (2) the increased special benefits derived from the improvement, and (3) due process of law shall be provided and accorded, on due application, to the owner in protection of property right. There being no estoppel as provided by § 2196 of the Code, for failure to file written objections and defenses, the circuit court on appeal will hear the property owner on his objections filed before the governing body of the municipality, on the evidence touching questions of fact: (1) Whether the assessment may be made against his property as part of the costs of an authorized public improvement; and (2) whether the amount assessed by the municipality is excessive, and is not an increased special benefit so resulting and derived from the improvement. This is necessary to due process. Section 2209, Code. At such hearing, the transcript from the municipality is the sufficient pleading to present the issues of fact, and its recitals and finding are, by legislative declaration, made prima facie correct, casting on the contestant the burden of proof; it is not indisputable. Sections 2206, 2207; Hood v. City of Bessemer, supra; Cox v. City of Birmingham, 21 Ala. App. 341, 108 So. 622. This rule of evidence is within legislative competency and has application (Code, §§ 4158-60; Goolsby v. State, 213 Ala. 351, 104 So. 901; Bailey v. State, 161 Ala. 75, 49 So. 886; Id., 219 U. S. 219, 31 S. Ct. 145, 55 L. Ed. 191) in a case when a fraud in fact or in law, in making the assessment, is not duly presented and shown.

The required or necessary municipal actions to be taken in statutory compliance, for making such assessment, were recounted in Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325, and City of Hartselle v. Culver, supra. And when the assessment is made final (section 2199 [section 1384] Code), in a case where no fraud is duly pleaded and shown, the determination by the governing body is in nature judicial, and to the effect that such improvements shall be a charge upon the property benefited, as provided by statute, Schwend v. City of Birmingham, 215 Ala. 491, 111 So. 205; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; and upon appeal to the circuit court is merely a prima facie rule of evidence to the effect of the correctness of such assessment and "that said property and person are justly indebted to the city or town for the amount of said assessment." Section 2208, Code. There was no error committed in the introduction of the evidence of J. H. Cranford, who was the former mayor at the time the assessment was made against Dr. Stovall.

The questions to which objections were sustained were in the nature of collateral attack or inquiry of fact, sought to be made in the circuit court, as to the finding or judgment of the municipality—whether it was founded on sufficient evidence. The question was not properly presented on direct or efficacious attack for fraud in law, which, if established, would relieve the rule of evidence by the Legislature as inherent in the assessment as made. Volume 2, Page and Jones on Tax. by Assessment, § 992; 28 Cyc. p. 1149, p. 1142, note 25; Chicago v. Nodeck, 202 Ill. 257, 274, 67 N. E. 39; Watkins v. Milwaukee, 52 Wis. 98, 8 N. W. 823. That is to say, the prima facie presumption of correctness inhering in the final assessment and apportionment ·of such cost of street pavement may be controverted by the evidence on the appeal, under the statutes and Constitution. If it be the purpose of a property owner to be freed from the prima facie and disputable presumption of the assessment, because of a fraud in law, made without any evidence to support the same, a direct attack must be resorted to by such owner. On appeal to the circuit court, the owner has the burden of overcoming by his evidence the presumption of verity and correctness that the statute places upon him.

The inclusion of an illegal item in appellant's assessment, as that of commission for attorney's fees, relieves him of interest on that item from date of judgment. 1 Page and Jones, § 475, p. 724. The amount of $97.46, with interest from date of the decree, will be deducted from the amount of the decree rendered in the case.

The decree of the lower court as thus corrected is affirmed, and appellee is taxed with the costs of the appeal incurred in this and the lower court.

Corrected and affirmed.

288

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

## On Rehearing.

THOMAS, J. We have indicated that the paving assessment, under section 223 of the Constitution and statutes, made against appellant's property, contained an illegal item that was separate and severable, and that may be eliminated without destroying the assessment.

The rehearing asks for a declaration by this court as to the right to interest by the municipality for the time preceding the elimination of the illegal item of cost included in the assessment against appellant's said lots.

The case of City of Birmingham v. Collins, 16 Ala. App. 222, 77 So. 60, was upon the point. The effect of the decision by this court on certiorari, 201 Ala. 479, 78 So. 385, is adverted to by the respective counsel, and we deem it important and necessary to reexamine that question on this rehearing.

Be it remembered that appellant objected in the trial court, and renews his objections here, to the validity of the proceeding and amounts to be assessed against his said properties. 215 Ala. 300, 110 So. 317. And, on the appeal to this court, was the illegal item of $97.46 eliminated by the decision rendered?

In 44 C. J. 795, §§ 3391–3394, and 1 Page and Jones on Taxation by Assessment, p. 724, § 475, the question of interest on assessments for municipal improvements is adverted to and authorities collected. The effect of statutes authorizing installment payments and interest as a condition of paying in installments, is the subject of section 3420C of 44 C. J. p. 808. And it is said that—

"According to the weight of authority an assessment does not bear interest in the absence of an applicable statute or charter so providing." 44 C. J. 795, § 3391.

It is sufficient to say, the authorities are not unanimous as to the allowance of interest where the original assessment is reduced or changed by reason of the property owner's challenge of correctness or invalidity in the court.

There is a decision to the effect that an illegal item of costs (as fees and expenses of the commissioners who made the assessment) included may be stricken or eliminated by the court, and yet the municipality may have interest on the corrected assessment from date of the original assessment. Mayer v. City of New York, 101 N. Y. 284, 4 N. E. 336. The reason for this decision is stated by the text-writer to be that it was in the nature of "a credit * * * applied to a conceded debt." 1 Page and Jones, p. 724, § 475. Another case declares that, if the assessment was merely irregular, under the statute, reassessment not being necessary, the assessment held to bear

interest. Langan v. Bitzer (Ky.) 82 S. W. 280, 26 Ky. Law Rep. 579.

The effect of the decision in Gosnell v. City of Louisville, etc., 104 Ky. 201, 208, 46 S. W. 722, 723, is to illustrate the contrary view and against the allowance of interest. It is declared:

"The apportionment, as we have held, was erroneous; and until corrected by the courts or the council it was impossible for the property holder to ascertain for what amount he was liable. It is manifest, therefore, that it was inequitable to charge the property holder with interest until there was an ascertained liability against him or his property, by the payment of which the lien could be discharged. In Conner v. Clark, 15 Ky. Law Rep. 126, it was held that parties ought not to be held liable for interest until the amount they owe is ascertained with certainty; and in that case, as the amount which the appellants should pay was not ascertained until judgment rendered, it was not error to refuse to adjudge interest against them. And in Boone v. Gleason, 4 Ky. Law Rep. 1001, the Superior Court held that the property holder was liable for neither interest nor costs until the apportionment had been made according to the principles established by law. In this view we concur."

We come then to consider the effect of the statute in this jurisdiction. Section 2216, Code of 1923, in respects here pertinent, comes unchanged from section 1401 of the Code of 1907, and from the Act of 1907, § 134, pp. 858, 859. It is as follows:

"The council, in ordering any local improvement the cost of which, or any part thereof, is to be assessed against the property abutting on any street, avenue, alley, highway, or other public place so improved, or area drained by such sewer, or sewers, may provide that the same shall be paid in cash within thirty days after the final assessment, provided the cost of such improvement does not exceed one thousand dollars, but if the total cost of said improvement is greater than such sum, any property owner may, at his election, to be expressed by notifying the city official charged with the duty of collecting such assessments in writing within thirty days after the assessment is made final, pay the said assessment in ten equal annual installments which shall bear interest at not exceeding eight per cent. per annum, payable annually. * * * The first installment shall be payable within thirty days after the assessment is made final, and all assessments or installments thereof shall be payable at the office of the clerk, tax collector, or treasurer of the city or town, as the council may prescribe, and all assessments or installments thereof shall bear interest at not exceeding eight per cent. per annum after the expiration of thirty days from the date on which the same is made final, which interest shall be due and payable at the time and place the assessment or installment is due and payable."

The entire ordinance contained no provisions as to payment "in cash within thirty days after the final assessment," nor that the same be in assessments of ten equal annual

installments which shall bear interest within the provisions of the statute. Section 2216 (1401), Code of 1923.

The subsequent resolution before the contract was awarded recited that several of the property owners (not Stovall) affected by the improvement ordinance "pledging themselves to pay for said work in cash as approved * * * and that the city has made the necessary arrangements to finance a portion of said work included in the ordinance," etc., and the contractor has signified his willingness to do a portion of said work, be it resolved that the character of pavement is selected and the contract authorized to be awarded to said contractor or bidder, which was done, and under which the instant pavement was done and constructed.

The statute under the act of 1907, its codification as section 1401 of the Code of 1907 and section 2216, Code of 1923, uses the words *"after the final assessment," "after the assessment is made final," "on the amount of said assessment,"* the "first installment shall be payable within thirty days after the assessment is made final," and "all assessments or installments thereof shall bear interest at not exceeding eight per cent. per annum after the expiration of thirty days from the date *on which the same is made final," with interest "payable at the time and place the assessment or installment is due and payable."* And section 2218, Code of 1923, provides that any property owner *may pay the assessment with interest and all costs,* if tendered before a sale of his property (in default), and that prescribed on redemptions is: "Interest thereon at the rate of fifteen per cent. per annum from the date of sale," etc. Section 2221, Code. Such are the statutory provisions for interest on municipal assessments.

We have indicated that the weight of authority is that a "special tax bill" or a municipal assessment will not bear interest in the absence of an applicable statute so providing. Such is the declared rule in California, Himmelman v. Oliver, 34 Cal. 246; Haskell v. Bartlett, 34 Cal. 281. Connecticut, Selleck v. French, 1 Conn. 32, 6 Am. Dec. 185; Sargent & Co. v. Tuttle, 67 Conn. 162, 34 A. 1028, 32 L. R. A. 822; Walsh v. Barthel, 85 Conn. 552, 556, 84 A. 91; Hartford v. Poindexter, 84 Conn. 121, 79 A. 79. Illinois, Murphy v. People, 120 Ill. 234, 11 N. E. 202; McChesney v. Chicago, 213 Ill. 592, 73 N. E. 368. New Jersey, Brennert v. Farrier, Collector, 47 N. J. Law, 75. New York, Matter of Whitlock Ave., 51 App. Div. 436, 64 N. Y. S. 717. Texas, Galveston v. Heard, 54 Tex. 420, 447. Washington, Shmuck v. Wheeler, 98 Wash. 535, 167 P. 1126. And in Missouri that court has gone to the extent of declaring, in Coatsworth Lumber Co. v. Owen, 186 Mo. App. 543, 172 S. W. 436, that, where there is statutory authority, in the absence of a *provision for interest in the ordinance for the improvement,*

or in the "tax bill itself," the same does not bear interest. In Sargent & Co. v. Tuttle, 67 Conn. 162, 166, 34 A. 1028, 1029, 32 L. R. A. 822, 823, it is declared of the matter by the Connecticut court, that assessments "upon specific property specially benefited by a local public improvement, for the purpose of paying the expense [thereof], are taxes;" that—

"The second proposition, to the effect that a tax carries no interest, as such, nor by way of penalty for nonpayment, unless the law so provides, is, we also think, a correct statement of the law. Most of the cases in which interest may be recovered, under our law, in the absence of any statute regulating the matter, are enumerated in Selleck v. French, 1 Conn. 32, 6 Am. Dec. 185; and clearly assessments of this kind do not come within any of the classes of cases there enumerated. It will, we think, also be found true that whenever taxes have carried interest, either as such, or by way of penalty it has been by virtue of some statutory provision to that effect. And this is as it should be. At best, a tax is a burden—a necessary one, it is true, but none the less a burden—imposed on the taxpayer without reference to his consent; and it seems reasonable to hold that any increase of that burden, by way of penalty or otherwise, should be expressly made by the power which imposes it, and that, until the legislative will to increase the burden by the addition of interest has been clearly expressed, interest should not be allowed. This conclusion, which on principle seems reasonable, is supported more or less strongly by the following authorities: Camden v. Allen, 26 N. J. Law, 398; Belvidere v. Warren R. Co., 34 N. J. Law, 193; Brennert v. Farrier, 47 N. J. Law, 75; Danforth v. Williams, 9 Mass. 324; Shaw v. Peckett, 26 Vt. 482; Perry v. Washburn, 20 Cal. 318; People v. Gold & Stock Teleg. Co., 98 N. Y. 67; Western U. Teleg. Co. v. State, 55 Tex. 314; Cooley, Taxn. 300, note 4."

In City of Hartford v. Poindexter, 84 Conn. 121, 135, 79 A. 79, 84, the general rule is thus stated:

"An assessment for benefits carries no interest as such or by way of penalty unless the law so provides. Sargent & Co. v. Tuttle, 67 Conn. 162, 167, 34 Atl. 1028, 32 L. R. A. 822; Hartford v. Mechanics' Savings Bank, 79 Conn. 38, 40, 63 Atl. 658."

The instant ordinance makes no reference to cash or installment payments of the assessment to be made. It was duly resisted by appellant to this court, and only became a "final assessment," or the "assessment is (was) made final" by the decision heretofore rendered by this court, and in which was applied the rule of severability of the illegal item that saved or prevented (under that rule) a reassessment.

The rule or theory of the statute is that where interest was to be allowed, it did not begin to accrue until or within "thirty days after the assessment is made final." The assessment that is final, therefore, was made

final by decision here, and the elimination of the illegal item and sum from the assessment and sums thereof, which were legal and due. Until this was done and result declared, appellant was not in default, and no interest had accrued on the assessment, with the illegal item as a part thereof against his property. Before that date an elimination decision or decree was not made final. It was the action of elimination of the illegal item that gave finality to the assessment against appellant and his abutting properties affected thereby. And the judgment against appellant will not bear interest before this date and until after the expiration of 30 days therefrom.

As modified on rehearing, by this extended opinion made necessary by the application and insistencies of the respective counsel the judgment is affirmed as now corrected, and appellee is taxed with the costs.

All the Justices concur, except ANDERSON, C. J., and FOSTER, J., who dissent as to the item of interest.